## STUCKER v. THE STATE OF INDIANA.

[No. 21,207. Filed June 4, 1908. Rehearing denied December 16, 1908.]

1. INDICTMENT AND INFORMATION.—*Assault and Battery with Intent.—Conviction for Assault and Battery.—Questioning Charge of Intent.*—One who is charged with assault and battery with intent to murder, and who is convicted of assault and battery only, cannot question the sufficiency of the indictment as to the intent only. p. 442.

2. SAME.—*Assault and Battery with Intent.—Motion to Quash.—When Sustainable.*—A motion to quash an indictment for assault and battery with intent to murder, when directed to the whole indictment, should be overruled, where the assault and battery is sufficiently charged. p. 442.

3. SAME.—*Good and Bad Counts.—General Verdict.—Effect.*—Where an indictment contains two counts—one good, the other bad—and a general verdict is given thereon, it will be conclusively presumed to be upon the good count, the error in refusing to quash the bad one being, therefore, harmless. p. 443.

4. APPEAL.—*Criminal Law.—Instructions.—Bills of Exceptions.*—No question can be raised, on appeal, on the instructions in a criminal case, where they are not brought into the record by a bill of exceptions. p. 443.

5. SAME.—*Weighing Evidence.*—The Supreme Court will not weigh conflicting evidence. p. 443.

From Fountain Circuit Court; *Isaac E. Schoonover,* Judge.

Prosecution by The State of Indiana against Harley Stucker. From a judgment of conviction, defendant appeals. *Affirmed.*

*V. E. Livengood* and *Fry Bryant,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White* and *H. M. Dowling,* for the State.

JORDAN, J.—Appellant was prosecuted upon an affidavit, consisting of two counts, the first of which was predicated upon a charge of assault and battery, coupled with a felonious intent to commit murder. This count charges that in Fountain county, Indiana, on October 25, 1905, the defend-

ant "did then and there feloniously, purposely, with premeditated malice and in a rude, insolent and angry manner, unlawfully touch, choke and strangle one Amanda Stucker, with intent," etc. The second count attempts to charge the defendant, on the same date and in the same county, with the commission of an assault and battery with the felonious intent to kill and murder said Amanda Stucker by injecting into her mouth and throat a certain fluid containing poisonous germs, etc. Appellant unsuccessfully moved to quash each of the counts of the affidavit. His plea was "not guilty." Trial by jury, a verdict returned, finding him guilty of an assault and battery, as charged in the affidavit, and assessing his punishment at a fine of $1,000. His motion for a new trial, assigning therein as reasons the giving of certain instructions and the insufficiency of the evidence to sustain the verdict, was denied. Judgment was rendered upon the verdict.

The errors assigned and relied upon for reversal in this appeal are that the court erred (1) in overruling appellant's motion to quash the first count of the affidavit; (2) in overruling his motion to quash the second count of the affidavit; (3) in overruling the motion for a new trial.

Counsel for appellant assail the sufficiency of each of the counts in question. It is argued that the first is deficient in charging the felonious intent to kill and murder. This

1. count, however, sufficiently charges the commission of the crime of assault and battery as the same is defined by §2242 Burns 1908, Acts 1905, pp. 584, 661, §354, and, as the accused was convicted of an assault and battery only he is not in a position to complain or insist that the first count does not sufficiently charge the felonious intent.

Again upon another view, his motion to quash was

2. directed generally against the first count as an entirety, and not in any manner specifically against that part thereof charging the felonious intent to kill and murder Amanda Stucker. Therefore, as this count suffi-

ciently charges the offense of assault and battery, the motion to quash it was properly overruled. *Greer* v. *State* (1875), 50 Ind. 267, 19 Am. Rep. 709; *McGuire* v. *State* (1875), 50 Ind. 284; Gillett, Crim. Law (2d ed.), §240.

Counsel earnestly argue that the second count is bad; that it does not sufficiently charge an assault and battery, and is also deficient in charging the felonious intent.

3. It is not essential, however, that we enter into a consideration of the sufficiency of the second count. Conceding, without deciding, its deficiency, as urged by counsel, nevertheless overruling the motion to quash it, for the reasons hereafter stated, presents no available or reversible error. The verdict' is a general finding of guilty of an assault and battery as charged in the affidavit, without being addressed especially to either of the two counts, and as the evidence in the record fully sustains the charge of assault and battery, as alleged in the first count, therefore overruling the motion to quash the second count, even if the latter be bad, affords appellant no available error, or, in other words, the sufficiency of this count presents but a moot question, which we are not required to decide. *Powers* v. *State* (1882), 87 Ind. 97; *Dean* v. *State* (1897), 147 Ind. 215; *Parks* v. *State* (1902), 159 Ind. 211, 59 L. R. A. 190.

Appellant's counsel criticise as erroneous certain instructions given to the jury. The instructions in the cause have not been made a part of the record by a bill of exceptions, consequently those about which appellant complains' cannot be considered or reviewed. *Merrill* v. *State* (1901), 156 Ind. 99; *Donovan* v. *State* (1908), 170 Ind. 123.

The woman upon whom appellant perpetrated the assault and battery was his wife. She was the principal witness in respect to the offense committed by him. Other witnesses in the case gave evidence corroborating in part that given by her. It is true that she was contradicted by appellant. Her positive evidence, however, fully war-

ranted the jury in finding appellant guilty of assault and battery, as charged in the first count of the affidavit. It disclosed a most revolting, unnatural and brutal offense upon his part, for which he justly merited the highest penalty.

Finding no available error, the judgment is affirmed.