### BRAND v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. September 21, 1916.)

No. 4678.

1. CRIMINAL LAW ☞878(2)—GENERAL VERDICT ON TWO COUNTS—EVIDENCE.
   Where there was evidence to support a conviction under one count of the indictment, and there was a single sentence upon the two counts, the conviction will not be reversed as without support in evidence, though one of the counts was not established.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2099; Dec. Dig. ☞878(2).]

2. CRIMINAL LAW ☞829(1)—INSTRUCTIONS—REFUSAL.
   The refusal of a requested charge covered by one given is no ground for complaint, the court not being bound to follow the language of the request.
   [Ed Note.—For other cases, see Criminal Law, Cent. Dig. § 2011; Dec. Dig. ☞829(1).]

In Error to the District Court of the United States for the Eastern District of Missouri; J. C. Pollock, Judge.

Charles Brand was convicted of devising a scheme to defraud by use of the United States mails, and he brings error. Affirmed.

Roy A. Fish, of St. Louis, Mo., for plaintiff in error.

Arthur L. Oliver, U. S. Atty., and Vance J. Higgs, Asst. U. S. Atty., both of St. Louis, Mo.

Before SANBORN and CARLAND, Circuit Judges, and VAN VALKENBURGH, District Judge.

SANBORN, Circuit Judge. The plaintiff in error was indicted in three counts for devising a scheme to defraud which he intended to effect by means of correspondence through the mails of the United States by intentionally inducing persons to pay him for his treatment and medicines by representing that by his treatment and remedies he could and would cure diseases that he knew he could not cure, and by representing to persons that they were suffering from diseases or ailments which he could and would cure, when he knew that they were suffering from no such diseases or ailments, and that he caused certain letters, copies of which were set forth in the indictment, to be sent through the post office establishment of the United States postpaid, addressed to such persons who were specified in the indictment, with the intention thereby to execute his scheme. At the close of the trial he was acquitted on the first count, convicted on the second and third counts, and sentenced on the latter counts to confinement in the jail for six months, to the payment of a fine of $500, and costs, and to stand committed until the fine and costs were paid. Two errors have been assigned, that the court should have granted the request of the defendant at the close of the evidence to instruct the jury to return a verdict in his favor, and that it should have given his request for an instruction to the effect that if in offering his remedies for sale the defendant did so honestly believing his remedies to have curative values for the diseases for which he offered them, then the fact that in order to procure the sale of them he deposited letters in the post office to induce parties to whom the letters were addressed to buy them, would not constitute an offense against the United States as charged in the indictment.

[1, 2] A careful reading, however, more than once, of the evidence in this case, has convinced that there was substantial evidence in support of the charge in the third count of the indictment, and as there was a single sentence upon the second and third counts the judgment was not without evidence to sustain it, and it may not be reversed upon that ground. Moreover, a comparison of the request for the instruction regarding the belief and intention of the defendant and its effect with the general charge given by the court conclusively demonstrates the fact that the entire substance of the request was clearly and forcibly given to the jury by the court as the law of the case. They were told, in the words of the trial judge, that:

"The question in this case is: What did the defendant believe? Did he believe in the work he was doing and in his medicines? If so, your verdict will be acquittal."

The refusal of a court to charge in the words of counsel a principle or rule of law which is fairly and clearly given to the jury for their guidance in the words of the court is not error, and the judgment below must be, and it is, affirmed.