BARKSDALE v. STATE OF INDIANA.

[No. 23,570.   Filed December 16, 1919.   Rehearing denied February 27, 1920.]

1. CRIMINAL LAW.—Affidavits.—Counts.—Numbering.—Counts of an affidavit should be numbered consecutively and not in duplicate. p. 172.

2. CRIMINAL LAW.—Appeal. — General Finding. — Presumption. — Where neither a motion to quash, nor a motion in arrest, nor a

motion for a *venire de novo* was filed to bad counts in an affidavit, and a general finding of the court in a trial without jury was made, the judgment will be presumed to have been rendered on good counts in the affidavit. p. 172.

3. CRIMINAL LAW.—*General Finding.*—*Judgment.*—Where the defendant was prosecuted by affidavit containing counts predicated on §§4, 15, 20, 35, Acts 1915 p. 15, §§8356d, 8356o, 8356t, 8356i1 Burns' Supp. 1918, though the penalties therein prescribed for the separately defined offenses are not the same, a general finding and the judgment rendered thereon, in a trial by the court, in keeping with the offense defined and penalty prescribed by §§4 and 20 does not authorize the Supreme Court to hold the finding contrary to law. p. 173.

4. CRIMINAL LAW.—*Evidence.*—*Weight.*—In a trial by the court the question of the weight of the evidence is exclusively for the determination of the trial court; and, where there is evidence to support the finding, it will not be disturbed on appeal. p. 173.

5. CRIMINAL LAW.—*Appeal.*—*Bill of Exceptions.*—*Surplusage.*— Objection to the refusal of the court in a trial without jury to permit the defendant's counsel to make an argument, which objection was based on a statement furnished by the reporter, and attempted to be brought into the record as a part of the bill of exceptions containing the evidence, presents no question for review, since such matter, being no part of the evidence, nor proper matter for the general bill of exceptions, will be treated as surplusage. (*Spurlock* v. *State*, 185 Ind. 638; *Brewster* v. *State*, 186 Ind. 369, distinguished.) p. 174.

From Marion Criminal Court (49,116); *James A. Collins,* Judge.

Prosecution by the State of Indiana against James Barksdale. From a judgment of conviction, the defendant appeals. *Affirmed.*

*R. L. Bailey,* for appellant.

*Ele Stansbury,* Attorney-General, and *Dale F. Stansbury,* for the state.

MYERS, J.—Appellant was prosecuted, tried, and convicted in the criminal court of Marion county on an affidavit charging a violation of certain provisions

of what is known as the "Prohibition Law," Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918.

The affidavit was in eight counts. Appellant's motion to quash, addressed to the first count only, was sustained. A trial by the court without a jury resulted in a general finding of guilty, followed by judgment that he pay a fine of $100, and that he be imprisoned in the Marion county jail for thirty days. The overruling of his motion for a new trial is the only error assigned, and in support of which he relies on three causes: First, the finding of the court is not sustained by sufficient evidence; second, the finding of the court is contrary to law; third, action of the court in refusing to permit his counsel to argue the law and facts to the court after the close of the evidence and before the rendition of the judgment.

The first three counts and the next three of the affidavit on which appellant was tried are numbered in duplicate. The first three charge a former 1. conviction of appellant for like offenses committed at an earlier date, while the latter three omit this allegation. Counts of an affidavit should never be numbered in this manner.

The counts upon which appellant was tried and found guilty were predicated upon §§4, 15, 20, 35, Acts 1917 p. 15; §§8356d, 8356o, 8356t, 8356i1 2. Burns' Supp. 1918. The punishment provided in these various sections of the act for the offenses therein separately defined are not the same, nor is the count which is based on §35, *supra,* good as against a motion to quash, or a motion in arrest of judgment. *Ward* v. *State* (1919), 188 Ind. 606, 125 N. E. 397. But as neither of these motions were made by appellant nor a motion for a *venire de novo* the

questions here indicated which would require some attention are not presented. Under this state of the record, where a general finding of guilty on an affidavit containing good counts and bad counts was made, it will be presumed on appeal that the judgment was rendered on the good counts. *Parks* v. *State* (1902), 159 Ind. 211, 215, 64 N. E. 862, 59 L. R. A. 190; *Stucker* v. *State* (1908), 171 Ind. 441, 443, 84 N. E. 971.

A general finding and a judgment rendered thereon in keeping with the offense defined and penalty prescribed by §§4 and 20, *supra,* separately, and the counts of the affidavit based thereon, under the settled rule of the criminal law will not authorize us to hold that such finding is contrary to law, although there may have been other offenses charged calling for a different penalty.

As to the evidence one witness testified on behalf of the state, and appellant was the only witness in his behalf. Aside from those two witnesses there is a stipulation in the record that other witnesses could be called who would corroborate. in detail the testimony of each of these witnesses. We have carefully read all of the evidence, and we are convinced that the question of the sufficiency of the evidence to support the finding all depends on the weight to be given it. The question is one for the trial court exclusively. We are satisfied that there is evidence to support the finding, and, this being true, the finding for that reason is not contrary to law.

The third cause for a new trial is based upon a statement furnished by the shorthand reporter and

included in the general bill of exceptions containing the evidence to the effect that after the evidence had closed counsel for the appellant addressed himself to the court saying: " 'Mr. Adams (prosecuting attorney) does not care to argue this case but I do,' to which the court replied, 'It will not do any good to argue the case; it would be a waste of time. My mind is made up. I am satisfied this man Jones is furnishing whisky for this man Barksdale to sell. The argument is refused.' " The judge's certificate to the bill does not refer to this matter, and the clerk certifies to this court "the original bill of exceptions containing the evidence." This is the only manner in which this matter is attempted to be brought into the record. It is no part of the evidence, nor is it legitimately connected therewith.

This court, in the case of *McCoy* v. *Able* (1892), 131 Ind. 417, 423, 30 N. E. 528, 31 N. E. 453, in speaking of matters proper to be incorporated in a general bill of exceptions containing the reporter's longhand manuscript of the evidence, held that only such longhand report and matters legitimately connected therewith could thus be presented. "In order to come within the rule stated, the bill of exceptions must be confined to the single office of exhibiting the report of the evidence and the matters directly and properly pertaining thereto." See, also, *Holt* v. *Rockhill* (1896), 143 Ind. 530, 532, 40 N. E. 1090; *McPherson* v. *State* (1912), 178 Ind. 583, 586, 99 N. E. 984; *Williams* v. *State* (1908), 170 Ind. 644, 647, 85 N. E. 349.

Our attention has been called to the cases of *Spurlock* v. *State* (1916), 185 Ind. 638, 114 N. E. 209, and *Brewster* v. *State* (1917), 186 Ind. 369, 115 N. E. 54, as authority authorizing other matters than the evi-

dence and matters pertaining thereto to be incorporated into the bill of exceptions containing the evidence. These cases should not be so construed. In those cases it was held that the original bill as distinguished from a copy, whether it be one containing the evidence or one embodying the instructions, or other original papers proper to be thus brought into the record, would not be disregarded by this court because not transcribed into the transcript by the clerk. The case of *Curless* v. *State* (1908), 172 Ind. 257, 87 N. E. 129, 88 N. E. 339, and like cases, on this point alone were overruled. But as to the matters which are proper for a general bill containing the evidence, and matters which would be saved by a special bill, we adhere to our former rulings. The matter here in question is not a matter for the general bill of exceptions, and must be treated as surplusage.

Appellant is correct in saying that the question he seeks to present was one to be incorporated as a specification in his motion for a new trial, but his error is in failing to get the matter on which he relies into the record on appeal so that the cause supporting his motion may have a foundation to rest upon.

Judgment affirmed.