**HANEY v. STATE. (6 Div. 160.)**

(Court of Appeals of Alabama. Jan. 9, 1923.)

Criminal law ☜878(2)—General verdict of guilty, referable to either count, not erroneous, if evidence supports one count, though not other.

Where an indictment charged in separate counts two offenses, first, the manufacturing of whisky, and, second, the possession of a still, and there was a general verdict of guilty, referable to either count, the judgment of conviction is not erroneous, where abundant evidence existed to warrant the jury in finding that accused was in joint possession with others of a still or other apparatus, even if there was a failure of proof as to the other count.

Appeal from Circuit Court, Lamar County; T. L. Sowell, Judge.

Claud Haney was convicted under an indictment in three counts, charging him with manufacturing, etc., prohibited liquors, and possessing a still, and he appeals. Affirmed.

Wilson Kelley, of Vernon, for appellant.

There was not sufficient evidence to show that defendant made alcohol, and the motion to set aside the verdict should have been granted.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The indictment charges, in separate counts, two offenses—first, manufacturing whisky; and, second, possessing a still. There was a general verdict of guilty. Plaintiff rests his insistence for a reversal of the judgment on the contention that there is not sufficient evidence to sustain the verdict; this upon the assumption that there is not sufficient evidence to establish the fact that whisky was actually manufactured.

In the first place, we hold that the evidence was sufficient to make this a jury question; and in the next place, even if defendant's contention was sound, there was abundant evidence to warrant the jury in finding that defendant was in the joint possession, with others, of a still or other apparatus, to be used for the purpose of manufacturing whisky. That being the case, and the verdict referable to either count, even if there was a failure of proof as to the first count, the judgment would not be error.

There is no merit in the several objections, and, as counsel does not so insist, we do not deal with them separately. There is no error in the record, and the judgment is affirmed.

Affirmed.