### CORRUNKER v. STATE. (6 Div. 260.)

(Court of Appeals of Alabama. Dec. 18, 1923.)

**1. Criminal law ⟳878(2)—General verdict of guilty referred to count supported by evidence.**

The evidence justifying a conviction under one of the counts of the indictment or complaint, a general verdict of guilty will be referred to that count.

**2. Indictment and information ⟳110(31)— Count for possession of prohibited liquor in words of statute sufficient.**

The count of an affidavit for possession of prohibited liquors, being in the words of the statute, is sufficient to sustain a conviction.

**3. Indictment and information ⟳86(7)—In view of caption, count held to sufficiently aver place of offense.**

The caption of the affidavit reading "State of A——, J—— County," the count averring the offense was committed in "said county" sufficiently avers it was committed in J. county.

**4. Criminal law ⟳897(1)—By pleading not guilty to affidavit, objection to not having been arrested on warrant of date of affidavit waived.**

Defendant, who was arrested on October 22, by appearing in court and pleading not guilty to the affidavit made October 30, waived any available objection because of not being arrested on the warrant issued October 30.

**5. Criminal law ⟳753(2)—Affirmative charge not given on conflicting evidence.**

Defendant, on conflicting evidence ample to support conviction, is not entitled to the affirmative charge.

**6. Criminal law ⟳753(1)—Written request necessary for affirmative charge.**

Under Code 1907, § 5364, the court may not give the affirmative charge for defendant, unless requested in writing.

**7. Criminal law ⟳977(3)—Time for pronouncement of "sentence."**

"Sentence," which is not the act of the court, but the judgment of the law pronounced by the court, may be pronounced at rendition of verdict, after judgment on the verdict, or continued to any suitable time during term.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Sentence.]

**8. Criminal law ⟳980(1)—Judgment on confession for fine and costs necessary.**

Judgment must be rendered on a confession of judgment for fine and costs.

**9. Criminal law ⟳995(7)—Sentence to hard labor for "the county" held sufficient.**

Sentence to "hard labor for the county" is sufficient, when, in connection with entire judgment entry, it clearly means the county where the offense was committed.

Appeal from Circuit Court, Jefferson County; Walter B. Jones, Judge.

J. P. Corrunker was convicted of violating the prohibition law, and appeals. Affirmed.

D. G. Ewing, of Birmingham, for appellant.

The test of the sufficiency of the evidence in a criminal case is whether the circumstances proven are susceptible to explanation upon any reasonable hypothesis consistent with the defendant's innocence, and, if they are so susceptible, then the accused should be acquitted. Fair v. State, 16 Ala. App. 152, 75 South. 828; Bowen v. State, 140 Ala. 65, 37 South. 233; Spelce v. State, 17 Ala. App. 401, 85 South. 835; Connally v. State, 18 Ala. App. 667, 94 South. 134. A court has no power to impose additional fines or punishments in a criminal case after the accused has been fined and paid the judgment (entered a confession of judgment), even if such attempt by the court should be made during the term at which the final judgment was rendered. State v. Heflin, ante, p. 222, 96 South. 459; People v. Meservey, 76 Mich. 223, 42 N. W. 1133; Bradford v. Telephone Co., 161 Mich. 385, 126 N. W. 444, 137 Am. St. Rep. 513, 517.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The appellant was tried in the circuit court upon an affidavit containing two counts. The first count charged that he sold, etc., prohibited liquors, and the second count charged that he had in his possession prohibited liquors.

The evidence for the state tended to show that the appellant and another were riding in a Ford car along the Montgomery highway in Jefferson county; that certain officers chased them for about a mile; that they turned off said highway going about 300 yards into the Camp Andrews road. When the officers approached the car both of the men jumped from the car and ran, one of the officers pursuing this defendant about a mile, but failing at the time to catch him. There were 52 gallons of corn whisky in the Ford car in which the defendant was riding. There was evidence that the defendant was driving the car.

The evidence for the defendant tended to show that the officers were mistaken as to his identity, that he was not in the Ford car, was not the man who jumped from the car and ran, and had nothing to do with the liquor.

There was a general verdict of guilty.

[1] Where an indictment or complaint contains two or more counts, and the evidence justifies a conviction under one of the counts, a general verdict of guilty will be referred to the count supported by the evidence. 1 Mayf. Dig. p. 865, par. 3.

⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2, 3] The second count is in the words of the statute, and is sufficient to sustain a conviction. Its sufficiency was not tested by demurrer or otherwise. It is contended by appellant's counsel that the second count "fails to state that offense was committed in Jefferson county, Ala." The caption of the affidavit reading "State of Alabama, Jefferson County," and the count averring that the offense was committed in "said county" sufficiently avers that the offense was committed in Jefferson county.

[4] It does not appear from the record that the defendant made any objection to being put to trial on the affidavit, or that the court's attention was called to the fact that the defendant was arrested on October 28, 1922, and that the affidavit was made and the warrant of arrest issued on October 30, 1922.

The defendant having appeared in court and interposed his plea of not guilty to the affidavit made on October 30, 1922, waived any objection he might have taken on the ground that he had never been arrested on the warrant issued on that date.

[5] The evidence was in conflict, but was ample to support the verdict, and the defendant was not entitled to the general affirmative charge.

[6] However, the court may not give the affirmative charge for the defendant unless it is requested in writing. Section 5364, Code 1907, and authorities there cited.

[7, 8] The record shows that the defendant was convicted on January 8, 1923, and a judgment entered showing his guilt and a fine of $50 by the jury.

On January 13, 1923, the minute entry shows a confession of judgment by the defendant for fine and costs, a judgment entered thereon, and a sentence by the court to three months hard labor for the county as additional punishment.

After the defendant has been adjudged guilty, the sentence of the law must be pronounced. This may be done at the time of the rendition of the verdict, after judgment upon verdict, or may be continued to any suitable time during the term. When there is a confession of judgment for the fine and costs, it is equally imperative that a judgment be rendered upon the confession. The sentence is not the act of the court. It is the judgment of the law pronounced by the court. Wright v. State, 103 Ala. 95, 15 South. 506; Gray v. State, 55 Ala. 86; Wilkinson v. State, 106 Ala. 23, 17 South. 458.

[9] The sentence to "hard labor for the county," when read in connection with the entire judgment entry, clearly means Jefferson county and was sufficient.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.