### SPEYBROECK *v.* STATE OF INDIANA.

[No. 25,215. Filed April 6, 1927. Rehearing denied May 16, 1928.]

*George Sands,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

MARTIN, J.—Appellant and another were indicted in three counts: First, selling; second, possessing, intoxicating liquor; and third, maintaining a common nuisance, under Acts 1925, ch. 48, §§4 and 24, §§2717, 2740 Burns 1926. The cause was tried by the court, appellant was found guilty on the second and third counts and was sentenced to six months imprisonment and fined $500 and costs.

The sheriff and prosecuting attorney, accompanied by a deputy sheriff, armed with a search warrant authorizing a search of "the soft drink parlor of John Doe at 1021 West Sixth Street, Mishawaka, St. Joseph County, Indiana," raided the place of business named. The deputy sheriff testified that he was the first to enter the place, that he immediately ran back twenty-five or thirty feet to the bar and jumped over it; that as he jumped over the bar, the appellant threw an aluminum pitcher and two glasses under the bar into a tank which was ten inches deep and half full of water; that he took the pitcher out of the tank; that it contained moonshine whisky mixed with water; and that it had a fairly good smell of moonshine whisky, with which smell the witness was very familiar. The deputy sheriff also testified that, upon his entrance into the room, he did not witness any violation of the law and that, after he had made the search and obtained the evidence, he then read the search warrant. He testified on cross examination that he did not know before that evening who operated the place but that Van Hoff, Speybroeck's codefendant, told him, when Speybroeck was not present, that Spey-

broeck operated the place. Appellant denied that he operated the place, and testified that he was employed as a laborer by a contractor and was in the soft drink parlor only as a visitor or customer. Van Hoff and others ran out of the room. Speybroeck was placed under arrest, but later a fight ensued in which Marcel Speybroeck, the defendant's brother, interfered with the officers and the pitcher containing the diluted whisky was "busted" over someone's head. The appellant testified: "I step away, walk away, and beat it, go home." He was later re-arrested.

The appellant assigns as error the overruling of his motion for a new trial. The causes for a new trial relied upon are that the court erred in admitting in evidence the search warrant and the testimony of the deputy sheriff obtained thereunder and that the finding of the trial court is not sustained by sufficient evidence and is contrary to law. Appellant in his brief points out that "whether he was sentenced upon the second or third counts of the indictment is not disclosed by the record." The transcript shows the following: "the court . . . now finds the defendant guilty on the second and third counts of the indictment" and "the court now enters sentence on the defendant Gentile Speybroeck on the finding of guilty heretofore had."

A judgment based on the finding on the third count— maintaining a common nuisance—cannot be sustained. A soft drink parlor is a public place and no search warrant is needed by officers to enter it, but, as the officers did not see any violation of the law, they could not search the place except under a search warrant, and one of the essentials of such a search is that the officer must make known the authority under which he acts. Our search warrant statutes are silent on this point, but the general statute concerning warrants provides that "the officer must inform the defendant that

he acts under the authority of a warrant and must show the warrant, if required." §2158 Burns 1926. Under a statute punishing as a criminal contempt willful resistance to the lawful order of a court, it has been held that one cannot be convicted of the willful resistance of a search warrant where no papers were shown or read. *State* v. *McGahey* (1904), 12 N. D. 535, 97 N. W. 865. The warrant here was neither read nor referred to by the officers until after the search was made. The search was therefore unlawful and, under the rule of law established in this state by *Callender* v. *State* (1922), 193 Ind. 91, 138 N. E. 817, and the cases following it, the evidence obtained thereby was not admissible against the owner or manager of the premises. Our conclusion with reference to this count makes it unnecessary to consider further questions presented by appellant with reference to the validity of the search warrant and the sufficiency of the evidence on the nuisance count of the indictment.

A conviction based on a finding of guilty on the second count, however, can be sustained. Where an indictment contains two counts—one good, the other bad, a general verdict thereon is presumed to be upon the good count,[1] and similar reasoning leads us to the conclusion that where there is a finding based on two good counts, one of which is sustained by sufficient evidence, and one of which is not sustained by the evidence, the judgment on such finding will be affirmed if it is one that is authorized by the law upon which the count sustained by the evidence, is based.[2]

The appellant in his testimony repeatedly declared

---

[1] *Stucker* v. *State* (1908), 171 Ind. 441, 84 N. E. 971; *Barksdale* v. *State* (1919), 189 Ind. 170, 125 N. E. 515; *James* v. *State* (1921), 190 Ind. 629, 130 N. E. 115; *Walker* v. *State* (1924), 194 Ind. 402, 406, 142 N. E. 16; *Wallace* v. *State* (1920), 189 Ind. 562, 123 N. E. C04,

[2] *Haney* v. *State* (1923) 19 Ala. App. 79, 95 So. 57; *Corrunker* v. *State,* ibid. 500, 98 So. 363; *State* v. *Buyer* (1925), 127 A. (N. J.) 787; *People* v.

that he was not the owner nor in possession or control of the place searched. Therefore, on the charge of possessing intoxicating liquor, he cannot avail himself of objection to the legality of the search that was made of the premises or evidence against himself obtained thereunder. *Walker* v. *State, supra; Snedegar* v. *State* (1925), 196 Ind. 254, 146 N. E. 849; *Speybroeck* v. *State* (1926), 198 Ind. 683, 154 N. E. 1.

The judgment, although extremely severe, is in keeping with the offense defined and the penalty prescribed in §4 of the act on which the second count is founded; and there is sufficient evidence of the possession of intoxicating liquor in the record to prove the allegations of that count. The amount of intoxicating liquor was small, but appellant's anxiety to dispose of or destroy the contents of the pitcher, both before and after the arrest, could be, and no doubt was, considered by the lower court.

Neither the intoxicating quality of the liquor nor the question of appellant's possession of it can be established by reason of §2751 Burns 1926, which provides that fluids poured out or destroyed "during a search" shall be held to be *prima facie* intoxicating liquor and intended for unlawful possession and sale. While, as we have stated, appellant cannot avail himself of objection to the legality of this search or the evidence against himself obtained thereunder, yet this statutory change in the rules of evidence can only be held to apply "during a search" that is the lawful kind of a search referred to in the statute.

The ownership of the aluminum pitcher and the

*Ashworth* (1927), 220 App. Div. 24, 222 N. Y. Supp. 24; *State* v. *Ridings* (1927), 193 N. C. 786, 138 S. E. 134; *Com.* v. *Gayton* (1918), 69 Pa. Super. Ct. 513; *Sloan* v. *State* (1914), 75 Tex. Cr. 33, 170 S. W. 156; *State* v. *Huggins* (1912), 84 N. J. L. 254, 258, 87 A. 630; *Miller* v. *State* (1903), 77 S. W. (Tex.) 800; *Brand* v. *U. S.* (1916), 236 Fed. 219, 149 C. C. A. 409.

glasses or the whisky contained therein does not appear from the record. Appellant was found exercising possession and control over the whisky contained in the pitcher, and we must conclude that the intoxicating liquor contained therein was in his possession within the meaning of §4 of the act, §2717 Burns 1926. See *Steward* v. *State* (1913), 180 Ind. 397, 103 N. E. 316.

Temporary possession or control over a quantity of intoxicating liquor merely for the purpose and while in the act of taking a drink therefrom, or in attempting to hand a bottle of whisky from one person who had taken a drink to another, has been held not to be such a "possession" of the liquor as is contemplated by statutes prohibiting any person to have, control or possess intoxicating liquor. *People* v. *Ninehouse* (1924), 227 Mich. 480, 484, 198 N. W. 973; *Brazeale* v. *State* (1923), 133 Miss. 171, 97 So. 525; *State* v. *Munson* (1922), 111 Kans. 318, 206 Pac. 749; *Harness* v. *State* (1922), 130 Miss. 673, 95 So. 64. But in the instant case, appellant exercised more than mere temporary control over the pitcher of liquor; his partially successful attempt to destroy it was an exercise of exclusive and permanent dominion and control which amounted to possession, regardless of its ownership. Under §2750 Burns 1926, Acts 1925 p. 144, §35, there is no enforcible property right in illicit moonshine whisky or in its container, and it might be argued that appellant in attempting to destroy the whisky was doing a lawful thing, but since appellant's attempt was performed in an endeavor to outwit the officers of the law, such an argument could not be seriously considered, and his act of attempted destruction only confirms the fact of his possession. If it was not his liquor, he could have kept out of trouble by leaving it alone.

Judgment affirmed.