

acts and utterances subsequent to the commission of the crime." This is certainly true as to everything beyond, perhaps, the *bare fact* that complaint was made.

In the instant case testimony was elicited from the injured girl on her direct examination as a state's witness, all over appellant's timely objection, with due exception reserved in each instance, not only as to her having made "complaint" to her mother and father (which we hold permissible), but as to what her mother did; what her father did; where they went; where she went with them; and other "details" of her actions, her parents' actions, the actions of the officers, etc.—all pointing to the appellant as the guilty party in the gruesome crime that seems undoubtedly to have been committed.

The Attorney General in his excellent brief filed here states: "We respectfully submit that the court was not in error in allowing introduction of the statements *and actions* of the prosecutrix and *her parents* etc. subsequent to the commission of the outrage." (Italics ours.) But we think such *was* error. Curry v. State, 23 Ala.App. 140, 122 So. 303 (twelfth headnote); Bray v. State, 131 Ala. 46, 31 So. 107.

The case was, in the main, well and carefully tried. No other questions apparent will likely arise in their present form upon another trial. They will not here be treated.

But for the error(s) pointed out the judgment is reversed and the cause remanded.

Reversed and remanded.

C. E. Mitchell, of Hamilton, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The indictment was in two counts, one charging the manufacture of whisky, and the other the unlawful possession of a still, etc. The verdict was general and referable to either count in the indictment. Haney v. State, 19 Ala.App. 79, 95 So. 57.

The evidence for the state was sufficient to justify a verdict of guilt, and, while the testimony of the defendants was to the contrary, the question was for the jury.

Other exceptions have been examined, and we find them all free from error.

The judgment is affirmed.

Affirmed.

169 So. 337

## WILLIAMS et al. v. STATE.

### 6 Div. 961.

Court of Appeals of Alabama.

May 19, 1936.

Rehearing Denied June 30, 1936.

170 So. 780

## ROMBOKAS v. STATE.

### 8 Div. 925.

Court of Appeals of Alabama.

March 17, 1936.

Rehearing Denied June 30, 1936.

