320 So.2d 763

**Robert WALKER**

v.

**STATE.**

**3 Div. 368.**

Court of Criminal Appeals of Alabama.

Aug. 19, 1975.

Edward Cunningham, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Randolph P. Reaves, Asst. Atty. Gen., for the State.

SIMMONS, Supernumerary Circuit Judge.

This is an appeal in forma pauperis from a judgment entered pursuant to a jury's verdict convicting appellant-defendant of burglary in the second degree. The trial court sentenced defendant to six years imprisonment in the penitentiary.

The burglarized area was a gasoline filling station on state Highway 231 in Montgomery County, the property of Jim Brown.

Deputy Sheriff Duke testified that while traveling south with Deputy Richard Long in a patrol car, about 4:35 a. m., on February 14, 1974, they pulled into the service station; they observed a car was stopped on the side of the service station; Tommy Thornton was "in" the front seat, James Thornton was "in" the back seat and Robert Walker (defendant) was on the outside of the car.

Several photographs of the scene were marked for identification. There was ample evidence indicating that the station was broken into.

The witness testified that beer and potato chips, crackers, eggs, milk, were on the front and back seats of the car.

Deputy Richard Long testified that when he arrived the building had been broken into, the glass had been broken out, and the door was standing open. On the back seat of the car was a good bit of beer, eggs, milk, and "so on." Some were dumped on the ground at the front wheel of the vehicle. The men were arrested.

James C. Brown, the owner of the burglarized station testified that he closed and locked the station in the evening of February 13, 1974. He also stated that he kept beer, potato chips, nick-nacks, cigars, cigarettes, milk, juices and "stuff of that sort" for sale; that when he arrived on the morning of February 14, 1974, he found the store had been broken into; also, he observed that beer was gone, milk, eggs, potato chips and cigars were missing. We will not burden this opinion with further details of the missing items. He testified as to the value of the beer and other items in the store.

█ When the State rested the defendant orally moved the court for affirmative charge. The motion was denied, and correctly so. It was not in writing as required by law. T. 7, § 273, Recompiled Code 1958; *Corrunker v. State*, 19 Ala.App. 500, 98 So. 363(6); *Norris v. State*, 229 Ala. 226, 156 So. 556(23).

█ The defendant thereupon called Tommy Thornton as a witness. This witness testified that he knew Robert Walker, the defendant, and that he had a brother, James Thornton. He further stated that he was with his brother and Walker on the evening of February 13, 1974; all three were drinking; that he remembered being picked up by the police at a drug store and a filling station "combined or something." He said on that night he was locked up for breaking and entering, to which he plead guilty and was sentenced; that they got in by breaking a glass door; that he broke the glass, and that so far as he knew, defendant was "in there, too."

Further, he said they got some "beer and cookies and all. They've got it written down there what we got."

The defendant did not testify.

The case was submitted to the jury who returned a verdict of guilty as charged. There was no motion for a new trial.

The evidence was sufficient to sustain the verdict. If defendant was not an actual principal, he was an accessorial principal pursuant to T. 14, § 14, Code 1940.

We affirm.

The foregoing opinion was prepared by Hon. Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur, except CATES, P. J., not sitting.