LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant (appellant) guilty of burglary under the first count of an indictment charging him with breaking into and entering “the shop, store or warehouse of Sears Roebuck and Company, a corporation, in which goods, merchandise or purses, things of value, were kept for use, sale or deposit.” He was charged in the second count of the indictment with grand larceny of several items of personal property of Sears Roebuck and Company. There was no express finding by the jury as to the second count. The court fixed defendant’s punishment at eight years imprisonment and sentenced him accordingly.
A major insistence on appeal is to the effect that the evidence was not sufficient to support the verdict.
About 1:00 A.M. on Sunday, May 6, 1978, the large store of Sears Roebuck & Company, occupying a large part of two blocks in downtown Birmingham, which store had been locked, secured, and the burglar alarm thereof set at the close of business the same night, was broken into. The breaking energized the burglar alarm, to which police officers responded within no more than fifteen or twenty minutes. A large plate-glass window had been broken into, which afforded the only entrance into the building by an outsider. Upon arrival of the officers, one or more of them saw defendant inside the store walking along an aisle with a plastic bag in his hand and picking up items of merchandise. When other officers arrived with a canine unit, they entered the store. One of them testified that he saw the foot of the defendant protruding from under a rack of clothing, asked the defendant to come out, and when he failed to do so he had the dog trainer direct the dog to its duty. The dog pulled the defendant out, and he was then taken into custody. The shopping bag contained a large quantity of miscellaneous items of merchandise kept in the store.
The only witness for defendant was one Bradford Love, who testified that he had pleaded guilty to the burglary and had received a sentence for a term of two years, but that he was not guilty, that he was not in the Sears Store at the time in question, that he did not see defendant in the store on the night of May 6-7, 1978, and had not seen him at any time on either of those days.
Appellant argues that even though defendant was found in the store in the process of sacking merchandise therein, the circumstances do not show that he was the one who forced an entry into the store by breaking the plate-glass window, that there is an absence of circumstances showing the commission by him of a breaking *400 and entry, which is a requisite of the crime of burglary. A stronger case of circumstantial evidence of either his personally breaking and entering as a principal, or in his participating therein as an aider or abettor, can hardly be imagined. Circumstantial evidence to show either is sufficient. Godfrey v. State, Ala.Cr.App., 333 So.2d 182 (1976); Walker v. State, 56 Ala.App. 248, 320 So.2d 763 (1975).
Appellant challenges as unconstitutional the “one-for-one” striking system in Jefferson County in criminal as well as civil cases. It is a renewal of the challenge that has been invariably overruled for more than forty years. Liptroth v. State, Ala.Cr.App., 335 So.2d 683, cert. denied, 335 So.2d 688 (1976), cert. denied, 429 U.S. 963, 97 S.Ct. 393, 50 L.Ed.2d 332 (1976); Liptroth v. State, Ala.Cr.App., 342 So.2d 959, cert. denied 342 So.2d 961 (1977), cert. denied, 434 U.S. 869, 98 S.Ct. 210, 54 L.Ed.2d 147 (1977); Mayes v. State, Ala.Cr.App., 350 So.2d 339 (1977).
The only other insistence on error to reverse relates to the following portion of the record, during the interrogation by the State of an employee of Sears Roebuck & Company as to the plate-glass window that was broken, as follows:
“Q. Do you know what the cost of the glass contract was to replace that glass?
“A. Yes, sir.
“MR. HEFFLER: Objection, Your Hon- or. It is irrelevant to the entire matter at hand.
“THE COURT: Overruled. You may answer.
“A. The glass contractor price for replacing the glass, including the time to board it and to replace it Monday, was eight eighty-two seventy-seven.
“Q. That is eight hundred eighty-two dollars and seventy-seven cents?
“A. Yes, sir.”
We are not convinced, as apparently appel-lee would have us, that the cost of replacing the glass window had any material bearing on the issue in the case. Even so, any objection to the evidence was not properly presented. It is to be noted that the only objection made was made after a question had been answered. No motion was made to exclude such answer. No further objection was made to any question on the point. Reversible error cannot be predicated upon the action of the court under such circumstances. Oatsvall v. State, 57 Ala.App. 240, 327 So.2d 735, cert. denied, 295 Ala. 414, 327 So.2d 740 (1975); Garraway v. State, Ala.Cr.App., 337 So.2d 1349 (1976); Burlison v. State, Ala.Cr.App., 369 So.2d 844, writ denied, Ex parte Burlison, 369 So.2d 854 (1979).
As an alternative to his argument that the judgment should be reversed, appellant argues that the case should be remanded to the trial court for modification of the sentence to imprisonment for eight years. He bases this on the proceedings at the time the sentence was pronounced that indicate that Bradford Love, on his plea of guilty, was sentenced to two years imprisonment. No authority in this Court is shown for a substitution of its judgment for that of the trial court as to the punishment to be imposed within the statutory range. Even if this Court had such authority, it would not do so under the circumstances presented, which include the record of this appellant in Jefferson County as follows:
A conviction of grand larceny in 1962 and a sentence of 18 months; an attempt to commit burglary in 1965 and a fine therefor; grand larceny in 1968 and a sentence of 18 months; burglary in 1970 with a sentence for a year and a day; robbery in 1971 with a sentence of 15 years; burglary in 1976 and a sentence of 2 years.
At the hearing at the time of the sentence in the instant case, it was also made known to the court that at the time of defendant’s arrest he was on a furlough from the penitentiary for five days.
Finding no error in the record, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article *401 (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.