LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant (appellant) guilty, as charged in an indictment, of buying, receiving, concealing or aiding in concealing, twelve automobile transmissions of the aggregate value of three thousand six hundred dollars, the personal property of William H. Parker, knowing that they were stolen and not having the intent to restore them to the owner. He was sentenced to imprisonment for ten years.
Appellant raises the same point that is contemporaneously raised by appellant in Wright v. State, Ala.Cr.App., 380 So.2d 398, wherein the constitutionality of the “one-for-one” striking system of Jefferson County is challenged as unconstitutional. As stated in Wright, with authorities cited, such challenge has been repeatedly and uniformly overruled and cannot be sustained.
Appellant questions the sufficiency of the evidence to sustain the verdict. We summarize enough of it to show that it is sufficient.
William H. Parker testified that when he arrived at his transmission shop, at approximately 6:40 A.M., April 6, 1979, he noticed that the back door was wide open, that fifty-six of his rebuilt automobile transmissions were missing and that each of them had a value of approximately three hundred dollars. He saw a trail of oily substance, which appeared to be transmission fluid and followed the meandering trail thereof to a scrap yard owned by Mr. Ralph Jaffe. He found twelve of the missing transmissions in the yard.
Mr. Ralph Jaffe, owner of Jaffe Iron and Metal Company, testified that on or about April 6, 1979, although he was not positive as to the exact date, defendant Reggie E. Robinson, whom he had previously known *574 by a different name, sold him eighteen hundred pounds of scrap transmissions, that defendant was one of his regular vendors. The witness said that in his opinion defendant sold him between ten and thirteen transmissions.
Mr. Parker and Mr. Jaffe were the only witnesses in the case. Although there were some minor discrepancies in the evidence, it fully supports the finding that defendant bought, received, concealed or aided in concealing the automobile transmissions'alleged in the indictment “knowing that they were stolen and not having the intent to restore them to the owner.”
Appellant urges that prejudicial error occurred in cross-examination of the witness Parker as follows:
“Q. You testified under direct examination that you are missing 56 transmissions, is that right?
“A. That’s right.
“Q. And yet you only found twelve of them in Jaffe’s lot, is that right?
“A. That’s all that I identified. There was more there.
“Q. That’s all you identified.
“In other words, there was only twelve that you thought you could identify?
“A. Sir, that many transmissions, the way they were piled up on top of each other, I couldn’t lift all those transmissions by myself and pull them out from one another.
“MR. HEFFLER: Your Honor, I move to exclude all that.
“MR. MAHON: Your Honor, that was responsive to his question.
“THE COURT: I understood that. I overruled him. It’s in.
“Q. But you identified then only twelve of them?
“A. Yes, sir.”
Appellant says that the answer to the question, as to which defendant moved for an exclusion, was not responsive to the question. The ambiguous and somewhat argumentative question as to what the witness “thought” he “could identify” was unambiguously and clearly answered, as responsively as the question could have been answered. The court ruled correctly.
As a final contention, appellant argues alternatively that the term of imprisonment for ten years, which is the maximum sentence prescribed for the particular crime, was excessive and the case should be remanded for a lighter sentence. No authority is shown for such action, and there is none. Nevertheless, it should be noted in justice to the trial court that before it imposed the sentence, it was informed and announced in open court that “the defendant has four prior Grand Larceny convictions.”
We find no error in the record. The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby .
AFFIRMED.
All the Judges concur.