### SCHREIBER *v.* STATE OF INDIANA.

[No. 25,228.    Filed December 20, 1928.    Rehearing denied April 16, 1929.]

*William D. Hardy*, for appellant.

*Arthur L. Gilliom*, Attorney-General, for the State.

MARTIN, C. J.—Appellant was charged by affidavit in one count with maintaining a common nuisance under Acts 1925, ch. 48, §24, §2740 Burns 1926, tried by the court, found guilty, fined $100 and sentenced to 90 days' imprisonment. The error assigned is the overruling of appellant's motion for a new trial, wherein he alleged that the finding is not sustained by sufficient evidence, is contrary to law and that the court erred in overruling his motion to strike out all the evidence discovered at the time of a search of his premises.

The objection to the evidence obtained by officers during a search under a search warrant is on the ground that the officers broke in the door of the premises in question. We do not decide the question of whether unnecessary injury to one's property committed during a search will invalidate the search, since the record shows that a demand was made that the door be opened prior to the breaking of it and that the breaking of the door was not an unnecessary injury.

The record shows that when the officers approached, appellant's wife ran, pushed the bolt on the door and started into another room. The officers knocked on the door and called out "officers" and broke it open when no one made an attempt to come to the door. There was evidence that the place bore the general reputation of being a place where intoxicating liquor was possessed and sold and where people resorted for the purpose of drinking intoxicating liquor. It also appears that one Hahn, who was not connected with appellant's household, was in appellant's house, drunk, at the time the search was made, and that, while the officers were there, one Lehr entered carrying a gallon of white-mule whisky, which he said he had bought to drink. Appellant had

some whisky glasses in his pocket, which he broke when the officers asked for them. The police officers testified that someone ran upstairs to the bath room before the search warrant was read, that the premises, particularly the bath room, had the odor of intoxicating liquor, and that a pitcher in the bath room, in which the odor of whisky was plain at the time, had been washed out. A small bottle, "the contents of which smelled like white mule whisky," was found in a cabinet and several empty bottles with the same odor were lying around on the table.

Evidence standing alone that vessels found in a defendant's home have the odor of intoxicating liquor is not sufficient to prove the possession of intoxicating liquor, in the absence of evidence that intoxicating liquor was poured out of them, or corroborating evidence that the defendant possessed intoxicating liquor, *Davis* v. *State* (1928), 199 Ind. 739, 161 N. E. 2; nor is proof of bad reputation of the premises in the community as a place resorted to for the purpose of drinking intoxicating beverages alone sufficient to establish the existence of a common nuisance. *Klysz* v. *State* (1928), 200 Ind. 132, 161 N. E. 630. But, in the case at bar, the evidence, considered as a whole, is sufficient to justify the inference drawn by the court that appellant was guilty of maintaining a common nuisance. See *Michopoulos* v. *State* (1925), 197 Ind. 231, 149 N. E. 564.

Judgment affirmed.

Willoughby, J., dissents.