STATE OF INDIANA *v.* ROBERT LEE DUSCH ET AL.

[No. 571S138. Filed November 27, 1972.]

508

*William J. Brune*, Prosecuting Attorney, *John F. Davis*, Chief Deputy Prosecutor, of Evansville, *Theodore L. Sendak*, Attorney General, *William F. Thompson*, Assistant Attorney General, for appellant.

*John Coates Cox, Philip H. Hayes, John D. Clouse*, of Evansville, for appellee.

DeBruler, J.—Appellees here were charged with a violation of the Indiana Dangerous Drug Act, I.C. 1971, 16-6-8-3, being Burns § 35-3333, and the 1935 Narcotics Act, I.C. 1971, 35-24-1-2, being Burns § 10-3520, by having in their possession a quantity of marijuana and pills containing barbituric acid. Trial was held in the Vanderburgh Circuit Court, the Honorable William H. Miller presiding. During the State's case-in-chief, the prosecutor sought to have introduced into evidence certain substances purported to be illicit drugs which were found in the apartment of the appellees during a search conducted by the police. Appellees filed a motion to suppress this evidence as being seized in violation of the Federal and State Constitutions because the police had made an unannounced entry into the appellees' apartment. The judge granted this motion on the grounds that a reasonable entry requires announcement of both authority and purpose, unless unusual circumstances exist at the time of the police entry and that no such circumstances existed here. The State then rested its case and, on motion by the appellees, Judge Miller entered judgment of acquittal for the appellees. The State excepted to the ruling of the court on the suppression motion and appeals on a reserved question of law pursuant to I.C. 1971, 35-1-43-2 and 35-1-47-2, being Burns §§ 9-2102 and 9-2304.

Evidence at the suppression hearing showed that Sergeant Jack Eads of the Indiana State Police swore out an affidavit on December 4, 1970, in which he stated that an unnamed informer had that day told him he had observed a quantity of LSD in an apartment located at 1139 Southeast First Street in Evansville, Indiana. Sergeant Eads was issued a search warrant based on this affidavit. Sergeant Eads then proceeded to the address with four other police officers and surrounded the house. At a pre-arranged signal officers at both the back and front doors of the apartment broke open the doors and rushed in. Neither group of officers knocked or announced their authority before breaking in the doors. Inside the apartment they found the defendant, Robert Dusch, alone and upon searching the premises found what appeared to be marijuana and some pills. At the suppression hearing both sides stipulated that the police did not request admittance to the apartment before breaking in.

Both the Fourth Amendment to the Federal Constitution and Art. 1, § 11 of the Indiana Constitution have substantially identical language which reads:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized."

The appellees in the trial below claimed that included in the constitutional definition of reasonableness is the requirement that the police enter a dwelling in a reasonable manner when executing a search warrant and that this has long been construed to mean that the police must announce their authority and purpose. In addition before they may break down a door of a house they must give the inhabitants a reasonable opportunity to respond to their authority and let them enter in a peaceable manner.

This knock and announce procedure has a long history in our common law tradition with roots as far back as the early Seventeenth Century.[1] The United States Supreme Court in a case in which it was called upon to construe a federal knock and announce statute referred to the requirement as being a part of our common law tradition. *Miller* v. *U.S.* (1958), 357 U.S. 301, 78 S. Ct. 1190, 2 L. Ed 1332. There has only been one time, however, when that court faced the issue of whether the knock and announce requirement was one of constitutional proportions and whether it was applied to the states through the Fourteenth Amendment. In the separate opinions in *Ker* v. *California* (1964), 374 U.S. 23, 83 S. Ct. 1623, 10 L. Ed. 2d 726, the court seemed to divide somewhat on the kind of exigent circumstances which would permit an unannounced entry, but the thrust of the opinions of eight of the nine justices indicates that an announcement of authority requirement is embodied in the Fourth Amendment as it applies to the states. In a later case which concerned the Federal Supreme Court's supervisory powers over federal law, but did not directly bear on a constitutional interpretation, the court seemed to reiterate its feelings that the knock and announce requirement is of constitutional dimensions. *Sabbath* v. *U.S.* (1968), 391 U.S. 585, 88 S. Ct. 1755, 20 L. Ed. 2d 828, fn. 8 at 591.

The law of the State of Indiana is quite specific in holding that an announcement of authority is required before the police may enter a dwelling. In *Speybroeck* v. *State* (1927), 200 Ind. 69, 155 N. E. 817, we clearly stated that:

"one of the essentials of such a search is that the officer must make known the authority under which he acts." 200 Ind. at 72.

---

1. For a history of the announce requirement as it relates to searches in the common law see "Announcement in Police Entries", 80 Yale L. J. 139 (1970); Sonnenreich and Evner, "No-Knock and Non-sense: An Alleged Constitutional Problem", 44 St. John's L. Rev. 626 (1970).

Furthermore we have found that fruits of a search conducted without a prior announcement of authority shall be excluded from evidence at trial:

"The warrant here was neither read nor referred to by the officers until after the search was made. The search was therefore unlawful and under the rule of law established in this state by *Callender* v. *State* (1922), 193 Ind. 91, 138 N. E. 817, and the cases following it, the evidence obtained thereby was not admissible against the owner or manager of the premises." 200 Ind. at 73.

Cases decided in this State concerning the problem of easily disposable evidence demonstrate the high regard both the courts and the police have demonstrated in the past for the knock and announce requirement. In *Schreiber* v. *State* (1928), 201 Ind. 37, 164 N. E. 2d 258, the defendant was charged with maintaining a public nuisance by selling liquor from his house. The police secured a search warrant and as they approached the house to search it the defendant's wife saw them, ran inside and bolted the door. Despite this obvious knowledge of the officers' presence the police knocked on the door and announced their authority before entering.

In the case of *Jones* v. *State* (1929), 89 Ind. App. 564, 166 N. E. 158, transfer den'd, 202 Ind. 365, 174 N. E. 812, the police had raided a particular home four or five times and each time found that the intoxicating liquor, which was the object of the search, had been disposed of while they announced their authority. The officers had even uncovered a system of electrical lights which was operated as a signal to warn the people in the back of the house to dispose of the liquor. In spite of this indication that these particular defendants had previously destroyed evidence upon threat of an imminent search and in fact had erected a system which would aid them in the future to do just that, the police announced their authority on the last raid at the outer door and only broke into the back room when noises of running and clanking of glasses indicated that the evidence was again

being destroyed. The Court of Appeals in that case held that it was not necessary to read the entire search warrant under these circumstances.

It seems clear, therefore, that under both the Federal and State Constitutional provisions dealing with searches and seizures there exists a requirement that the police knock and announce their authority before conducting a search of a dwelling. It is equally apparent, however, that this knock and announce requirement is not to be adhered to blindly regardless of the particular circumstances confronting the authorities at the time the search is to be conducted. The question which divided the United States Supreme Court in *Ker* v. *California, supra,* and which we are principally concerned with here is under what exigent circumstances would the police be excused from performing the announcement of authority.

Justice Brennan and the three justices concurring in his opinion would not have allowed an unannounced entry under the facts presented in *Ker*. Rather he listed the three traditional common law exceptions which all require some type of activity at the actual scene of the search to justify the unannounced entry. *Ker* v. *California, supra,* at 47. Justice Clark and the three justices joining with him, on the other hand, found this type of entry permissible under the "particular circumstances" of the case. *Ker* v. *California, supra,* at 40-41. Justice Clark focused on the furtive conduct of the defendant prior to the time of the search which seemed to indicate he was aware of the presence of the police, as well as the knowledge of the police officer that a relatively small amount of marijuana was involved in this particular transaction and thus could be easily destroyed.

It is important to note that under both of these opinions the type of exigent circumstances which justifies the breach of a knock and announce requirement are those which are

particular to the facts of the case. The exceptions under both approaches can only be justified by certain particular circumstances known to the authorities. The Brennan approach would require that the police receive notice of such circumstances which would allow an unannounced entry only at the actual scene of the place to be searched, and that these circumstances indicate that the people inside at the house are already aware that a police entry is imminent or that there is danger of bodily harm being inflicted on persons within. The Clark opinion allows activities and circumstances occurring sometime before the search to bear on the announcement requirement. Under both approaches, however, the focus is on the particular situation encountered by the police in a certain case which lead them to reasonably conclude that to announce their authority would be a useless gesture or would result in personal injury.

In this case the evidence produced by the State at the suppression hearing below failed to demonstrate the existence of any exigent circumstances which might justify an unannounced entry. There is absolutely no evidence here which would indicate that the occupant of the house acted in a furtive manner, or that he knew of the presence of the police outside, or that he was in the process of attempting to destroy the evidence which the police sought, or even that the amount of the drugs to be searched for was so small or so placed that they lent themselves to easy disposal. Apparently the State would have us hold that the mere fact the object of the search was to be drugs would itself justify an unannounced entry. Such an exception to the knock and announce requirement would be overly broad and would be based on the type of objects searched for rather than on the particular circumstances approach followed by all of the eight justices in *Ker*. The mere fact that there are drugs involved in the search cannot be held to create a per se exception to the announcement requirement. Exceptions to the entry require-

ment must be founded on particularity and not on generality. Such a blanket rule will not do for specific situations which call for differentiation.

We hold therefore that the fact that the object of this search was drugs cannot alone be sufficient to excuse the police from announcing their authority and giving the inhabitants a reasonable opportunity to respond as is required by the Constitution of the United States and the Constitution of the State of Indiana. A method of entry to execute a search warrant which has evolved from our common law and which is contained in the definition of reasonable searches and seizures required by both Constitutions compels great respect from both the police and the courts.

"The requirement of prior notice of authority and purpose before forcing entry into a home is deeply rooted in our heritage and should not be given grudging application." *Miller* v. *U.S., supra.*

While it is apparent that such a rule would allow for certain exceptions it is equally apparent that to allow an exception which would ignore any reason to demonstrate a particular necessity for not following the rule would make it no rule at all. Therefore, the trial court finding on the motion to suppress was not erroneous. Judgment affirmed.

Hunter and Prentice, JJ., concur; Arterburn, C.J., dissents with opinion; Givan, J., dissents without opinion.

### DISSENTING OPINION

ARTERBURN, C.J.—I dissent in this case for the reason that the search warrant gave the right of entry and it did not state therein

"upon condition of knocking and informing the occupants of the premises prior thereto"

Politeness, of course, is always a better rule of conduct. However, I know nothing in the Constitution that requires polite-

ness *as a right*. Generally such precepts ought to be observed where it does not make official acts appear to be foolish when material or property sought to be seized is easily destroyed, or when one sought to be arrested could easily escape and flee. One should not be compelled to go through a certain rigamarole or formality while the party involved nullifies the effectiveness of the warrant.

I feel as a Court we have to be sensible and rational. I find nothing in the constitutional provision that provides that you must knock before you enter under a search warrant.

Although we do not condone rudeness, a guilty defendant should not be freed merely because we might feel a police officer was rude or used poor judgment. The interest of society in the prevention of crime is too great to free guilty persons on such trivialities.

NOTE.—Reported in 289 N. E. 2d 515.