## Dennis Tillman *v*. State of Indiana.

[No. 2-1174A268. Filed April 9, 1975.]

*Larry R. Champion,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

Lybrook, J.—Defendant-appellant Tillman was tried by court and convicted of assault and battery with intent to kill. IC 1971, 35-13-2-1, Ind. Ann. Stat. § 10-401a (Burns Supp. 1974). The sole issue preserved by Tillman's motion to correct errors is the sufficiency of the evidence to sustain a finding that he possessed the requisite intent.

The evidence reveals that on March 20, 1974, Tillman entered the office of a real estate company located at Weir Cook Airport at Indianapolis and inquired of a female employee whether the firm sold stock. After receiving a negative response, Tillman grabbed her and drew a weapon described

as a cheese knife or miniature meat cleaver. A struggle ensued during which Tillman then seated himself in a chair, forced the woman to sit on his lap, and held the knife to her throat.

When a police officer arrived at the scene, Tillman demanded an airplane, a gun, and one million dollars. He further threatened to kill his hostage unless the demands were met. Another officer who arrived at the scene testified that as he drew his revolver, Tillman threatened "Don't come near me or I'll kill her." Thereafter, the Captain of Police at the airport, Dennis Maxey, attempted to talk with Tillman. As he approached, Tillman yelled, "I'm cutting her, get back." At this point, Tillman began cutting his victim on the neck and yelled, "She's bleeding." Tillman was immediately shot by one of the officers present.

In resolving questions of the sufficiency of the evidence to sustain a criminal conviction, this court may neither weigh evidence nor resolve questions of credibility of witnesses. Rather, we may examine only that evidence most favorable to the State together with all reasonable and logical inferences deducible therefrom. If from that viewpoint there exists substantial evidence of probative value from which the trier of fact could have reasonably inferred guilt beyond a reasonable doubt, the conviction will not be disturbed. See, *Reed* v. *State* (1970), 255 Ind. 298, 263 N.E.2d 719; *Liston* v. *State* (1969), 252 Ind. 502, 250 N.E. 2d 739.

Evidence of a defendant's clear and unequivocal threats against the life of his victim during the course of an assault and battery is sufficient to sustain a finding that the defendant acted with the intent to kill. *Reed* v. *State, supra.* Concededly Tillman's threats against his hostage in the instant case were conditional. However, examining Tillman's verbal statements in light of all attendant circumstances, including evidence of his physical acts, we find a sufficient evidentiary basis to support a finding that he possessed the requisite specific intent. The trier of fact could have reasonably inferred that

Tillman had determined to carry out his earlier threats when he began cutting his victim's neck immediately prior to the moment when he was subdued by gunfire.

Tillman emphasizes that the knife wounds sustained by his victim were not of a serious nature. However, this fact does not preclude a finding of an intent to kill. Rather, it may well be attributed to timely and effective intervention by the officers present.

A second issue attempted to be raised by Tillman in this appeal was not preserved in his motion to correct errors and must therefore be deemed waived. See, *Bennett* v. *State* (1973), 159 Ind. App. 59, 304 N.E.2d 827.

No reversible error having been demonstrated, Tillman's conviction must be and is hereby affirmed.

Robertson, C.J. and Lowdermilk, J., concur.