ALETHA BELL *v.* STATE OF INDIANA.

[No. 2-774A166. Filed July 15, 1975. Rehearing denied August 14, 1975. Transfer denied November 5, 1975.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Russell W. Sims,* Deputy Attorney General, for appellee.

PER CURIAM—Aletha Bell was convicted of possession of marijuana[1] and related equipment.[2] On appeal, she contends that the search warrant was defective in that facts relied upon therein were later shown to be contradictory and that the facts were too old to be used as a basis for probable cause. Bell also argues that the search warrant was improperly executed.

We affirm.

Officer J.C. Crawford of the Indianapolis Police Department submitted an affidavit in support of a search warrant for Bell's residence on May 25, 1973. The affidavit is set out in pertinent part as follows:

"The basis for this affiants (sic) belief is that he recieved (sic) reliable information from a reliable and credible person that has given this affiant other similar information in the past 30 years that has resulted in the arrests and siezures (sic) of dangerour (sic) drugs. On at least two occasions during the past week said informant was in the residence of Alicia Marie Bell (sic) at 3438 N. Grant, Marion County, Indianapolis Indiana and personally observed Marihuana. *On this date, this affiant along with said informant went to the residnce (sic) at 3438 N. Grant, Marion County Indianapolis Indiana and this affiant personally observed the sale of Marihuana, Cannabis Sativa to said informant.* Preliminary field tests ran on the substance indicated the presence of Marihuana (test performed by

---

1. IC 1971, 35-24-1-2, Ind.Ann.Stat. § 10-3520 (Burns 1956). (Since repealed by the Controlled Substances Act, IC 1971, 35-24.1-1-1 *et seq.,* Ind.Ann.Stat. § 10-3558 *et seq.* [Burns Supp. 1974]),
2. IC 1971, 16-6-8-3 (g) (Burns Code Ed.),

.this affiant). Said informant knows how Marihuana is packaged and used and knows it by its appearence (sic) due to said informant being a former user of the drug. This affiant knows Marihuana by its color, smell and appearence (sic) due to 3 years drug enforcement experience and over 300 Marihuana related arrests."

Bell contends in her brief that the underscored portion of Officer Crawford's affidavit is in direct conflict with his testimony presented in the State's case-in-chief and, as a result, evidence seized pursuant to the warrant should have been suppressed. The allegedly conflicting testimony of Officer Crawford at trial reads as follows:

"Q.   Okay, thank you. Now, have you ever been in Aletha Bell's. house on any occasion, prior to this date?
A.   On the carport, yes.
Q.   But you had never been inside the house?
A.   No."

Although Bell's motion to correct errors contains a general allegation that the trial court erred in not quashing the search warrant and defendant's memorandum to the motion to correct errors contains several specific allegations regarding the failure to quash, neither the motion to correct errors nor attached memorandum presents the contention that the search warrant should have been quashed because of Officer Crawford's contradictory testimony at trial. Failure to raise this issue in the motion to correct errors waives any error on appeal. *Tillman* v. *State* (1975), 163 Ind. App. 563, 325 N.E.2d 509, 510; *Day* v. *State* (1974), 162 Ind. App. 693, 320 N.E.2d 827, 828, n.2. Also, Bell has failed to cite any authority in her brief to support this argument as required by Indiana Rules of Procedure, AP. 8.3(A)(7). Finally, we would point out that Bell failed to make any motion at trial to reopen her motion to quash the search warrant when Officer Crawford gave his allegedly contradictory testimony. We may not reach this contention of error.

Bell next argues that since the information relied upon by Officer Crawford was received thirty days prior to the arrest,

the search warrant was "stale" and the evidence seized thereunder should have been suppressed.

The facts in this case simply do not support Bell's argument. No testimony was presented contradicting Officer Crawford's statement in the affidavit that he witnessed the sale of marijuana at Bell's residence on May 25, 1973. It can only be concluded that since the information relied upon for the warrant was acquired the day before Bell's arrest, it was a proper basis for probable cause. *Mills* v. *State* (1975), 163 Ind. App. 608, 325 N.E.2d 472; *Jones* v. *State* (1975), 163 Ind. App. 454, 324 N.E.2d 828.

Bell's remaining argument is that the police officers improperly executed the search warrant by walking into Bell's house through an open door and not identifying themselves or stating the purpose of their entry.

In *State* v. *Dusch* (1972), 259 Ind. 507, 289 N.E.2d 515, the Indiana Supreme Court reaffirmed the well established rule that a knock and announcement of authority are required before the police may enter a dwelling, absent the existence of certain exigent circumstances which might justify an unannounced entry. See also, *Johnson* v. *State* (1973), 157 Ind. App. 105, 299 N.E.2d 194.

In the present case, both Officers Crawford and Combs testified that they identified themselves as police officers prior to entering the house and that they informed those present that they had a warrant to search the house. Both officers testified they did not knock before entering the house because one individual had already entered the house and the door remained open. Since the police identified themselves and announced their authority prior to entering the Bell house through an open door, there was no unannounced entry as proscribed by *Dusch, supra.*

Accordingly, we affirm.

NOTE.—Reported at 330 N.E.2d 752.