RICHARD JAN GRZESIOWSKI *v*. STATE OF INDIANA.

[No. 1-475A69. Filed March 9, 1976.]

*John D. Clouse,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—This is an appeal from a conviction by a jury for the offense of delivery of marijuana in violation of Burns § 10-3559c (d) (10) (IC 1971, 35-24.1-2-4) and Burns § 10-3561i (c) (IC 1971, 35-24.1-4.1-1).

## ISSUES

The issues of this case will be hereinafter treated separately as argued in appellant's brief.

## FACTS OF THE CASE

On February 22, 1974, the Evansville police had information there was marijuana to be sold and delivered by the appellant-defendant (Defendant) that day.

On the date and place Detective Brinkley was in charge and was in communication with undercover agents in the house by means of a body surveillance protection kit.

Officers Harold Chaffin, Sgt. Bray and James Atherton assisted in the raid. When Chaffin arrived at 828 Washington Avenue Detective Bringley had been admitted into the house by Gary Anderson, an undercover agent, who, along with a fellow undercover agent, John Garrigan, had already gained admission into the home to make the buy.

When Brinkley entered the residence he observed in plain view on the kitchen table a small quantity of marijuana. He then proceeded into the room where the occupants were and observed a large quantity of marijuana being prepared for delivery and also the Defendant counting $2,200 in cash he had been paid for twenty-five pounds of marijuana. Brinkley, after seeing this, informed the five or six people in the house, other than Garrigan and Anderson, they were under arrest. The marijuana was then confiscated and marked for identification and the $2,200 recovered. Brinkley then telephoned Captain Seng, told him what had happened, and told him to get a search warrant. The warrant was secured and brought to the premises and a search was made under the authority thereof. Large quantities of marijuana were found, together with smoking paraphernalia. The information on which the affidavit had been signed was that Detective Brinkley had personally observed a large quantity of a green leafy substance at that address.

## VERDICT AND JUDGMENT

Defendant was found guilty of delivery of a controlled substance and punishment was assessed at imprisonment for five years and no fine. The court duly entered judgment on the verdict accordingly after the filing of the pre-sentence investigation report.

## DISCUSSION

Specification of error number 1(a) was that the court erred in overruling defendant's motion to dismiss Count II which was the Count defendant was tried on.

Defendant urges that he was arrested without a warrant and the Superior Court made no finding of probable cause; that a probable cause hearing is necessary even though there had been an "on sight" arrest.

Defendant states there may have been a single finding of probable cause during the hearing on the preliminary charge

pursuant to IC 1971 35-4-1-1, Burns § 9-704a which he contends is unconstitutional.

Our Supreme Court held in *Sanders* v. *State* (1972), 259 Ind. 43, 284 N.E.2d 751, at 755, that:

". . . The record before us does not reveal whether probable cause for appellant's arrest did or did not exist. The record does indicate that appellant was brought before the judge in City Court and preliminarily charged pursuant to IC 1971, 35-4-1-1, (Ind. Ann. Stat. § 9-704a [1956 Repl.]). *Implicit in the language of that statute is that probable cause for the arrest and the preliminary charge must exist.* After hearing the nature of the charge and the facts surrounding it, including the defendant's explanation of the incident, the judge is required to rule as to whether the defendant should be discharged or committed to confinement for a period not exceeding seven days. *In the present case, the judge apparently determined that commitment was justified.*" (Our emphasis.)

In the case at bar the Defendant was brought before the City Court of the City of Evansville on a precharge affidavit filed pursuant to IC 1971, 35-4-1-1, *supra,* and the order book entry of February 25, 1974, concerning Count II of the information shows that the Defendant *waived a hearing* and was committed for seven days. As in *Sanders, supra,* the City Judge apparently found probable cause.

Thereafter, the State filed in open court its information charging the Defendant, and issued the warrant for his arrest. IC 1971, 35-3.1-1-1, Burns Ind. Ann. Stat. § 9-903 (d) states in pertinent part that:

". . . Whenever an information is filed and the defendant has already been arrested or otherwise brought within the custody of the court, the court shall proceed to determine whether probable cause existed for the arrest of the defendant *unless the issue of probable cause has previously been determined by a court issuing a warrant for the defendant's arrest or by a court holding a preliminary hearing after the defendant's arrest.*" (Our emphasis.)

The Defendant had already received a preliminary hearing on probable cause, *which hearing the Defendant waived.* At

that hearing he was apprised of the nature of the charge and advised of his constitutional rights, and the preliminary charge affidavit was filed. We are of the opinion that the State complied with the statutory requirements as to the arrest warrant and the finding of probable cause in so issuing it and that the trial court did not err in overruling Defendant's motion to dismiss.

The Defendant also urges that the penalty provisions under which the Defendant was sentenced is unconstitutional in that the penalty provisions draw no distinction between narcotic drugs and other controlled substances classified in Schedule I, II, and III and therefore are not proportioned to the nature of the offense. For that contention the Defendant cites no relevant Indiana authority. The State would argue that it is clearly within the sole power of the Legislature to fix the punishment for crimes and this court may neither rewrite the statute nor substitute a judicially determined sentence for a legislative sentence. IC 1971, 1-1-1-2, Burns Ind. Ann. Stat. § 29-2401. This court said in *Clark* v. *State* (1974), 160 Ind. App. 206, 311 N.E.2d 439 at 440:

"Moreover, the courts may not judicially alter the punishment provided by statute even if it seems excessive or inappropriate." See also *McHaney* v. *State* (1972), 153 Ind. App. 590, 288 N.E.2d 284; *Landaw* v. *State* (1972), 258 Ind. 70, 279 N.E.2d 230.

We are of the opinion that the statute was constitutional and the trial court correctly overruled Defendant's motion to dismiss.

Part (b) of the specification of error is that the court erred in overruling Defendant's motion to quash the search warrant and suppress the evidence. Defendant charges that all things seized, and more especially the marijuana and drug paraphernalia found at 828 Washington Avenue, should be suppressed and assigns eleven separate reasons for the same.

We have determined from a careful review of the record that the objections to specifications 1, 2, 3, 4, 5, and 7 were not well founded. The rest and remaining specifications have been closely scrutinized and from which we have determined that the court correctly overruled the motion to suppress the evidence and that the arrest of the Defendant was valid.

Specification 4(e) of the motion to correct errors is that the court erred in overruling the objection of the Defendant to the introduction into evidence of State's Exhibits 2, 3, 4, 5, 6, part of 7, and 10 and admitting said exhibits into evidence.

State's Exhibits 2 through 5 are bags of marijuana which were found in plain view in the living room of the dwelling and were seized by Detective Brinkley immediately after he arrested Defendant. State's Exhibits 6, part of 7 and 10 were taken pursuant to a search warrant after entry had been made, Defendant arrested, and State's Exhibits 2 through 5 seized. Exhibits 7 and 9 were narcotics paraphernalia and number 8 was not offered. The court refused to admit number 9 and that part of number 7 which was a narcotics smoking pipe. All materials admitted in the exhibits were bags of marijuana, except Exhibit 10 which was a plastic bag containing three envelopes and a receipt.

Defendant contends that Brinkley's entrance was unlawful in that he failed to knock, announce his identity and purpose before seeking admission and that his failure so to do renders the seizing of evidence within the dwelling unlawful, thereby making it inadmissible at trial. Further, that the failure to first knock, announce their purpose and authority was a violation of the Fourth and Fourteenth Amendments of the United States Constitution and Article I, Section 11 of the Indiana Constitution. Defendant relies for his authority on the case of *State* v. *Dusch* (1972), 259 Ind. 507, 289 N.E.2d 515. Our Supreme Court reasoned in *Dusch, supra,* in interpreting *Ker* v. *California* (1964), 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726, as follows:

"It is important to note that under both of these opinions the type of exigent circumstances which justifies the breach of a knock and announce requirement are those which are particular to the facts of the case. . . . The Clark opinion allows activities and circumstances occurring sometime before the search to bear on the announcement requirement. Under both approaches, however, *the focus is on the particular situation encountered by the police in a certain case which lead them to reasonably conclude that to announce their authority would be a useless gesture or would result in personal injury."* (Our emphasis.)

In the case at bar Gary Anderson, one of the informers, was in the house acting as an undercover agent. He and his associate had gained peaceful and lawful entrance into the home under the pretext they were going to buy marijuana.

Brinkley's entry into the house was effected by Anderson opening a side door into the kitchen and permitting Brinkley to enter.

Defendant argues that although Brinkley's entry into the house was peaceable it does not excuse the requirement that he first announce his identity and purpose.

Defendant contends that the officer gained entry by deception. In the case of *Ponce* v. *Craven* (9th Cir. 1969), 409 F.2d 621, *cert. denied,* 397 U.S. 1012, 90 S.Ct. 1241, 25. L.Ed.2d 424 (1970), the court held "that the police entry in this case was not unlawful merely because a ruse was employed."

Officer Brinkley had personal knowledge, obtained only seconds or minutes before entering Defendant's home by receiving over a body surveillance protection kit affixed to Anderson, that a felony (sale of a controlled substance) was being committed in the home. Anderson and Carrigan were known to the police to be reliable informers. Officer Brinkley at that time had personal knowledge these men had made the buy, were receiving the marijuana and had paid Defendant the $2,200 furnished to them by the police for the purpose. Brinkley also knew that Defendant had planned to go to Florida immediately after this sale.

Officer Brinkley had probable cause for an arrest and was then entitled to make a warrantless arrest of Defendant.

IC 1971, 35-1-21-1 (§ 9-1024) provides for peace officers' power to arrest.

In the case of *Garr* v. *State* (1974), 262 Ind. 134, 312 N.E.2d 70, 71, the court said:

". . . There is no question but what a police officer may arrest a suspect without a warrant when he has probable cause to believe that a felony has been committed by the person arrested. *Patterson* v. *State* (1970), 253 Ind. 499, 255 N.E.2d 520, 20 Ind. Dec. 290."

In *Taylor* v. *State* (1974), 160 Ind. App. 561, 313 N.E.2d 92, 94, transfer denied, this court said:

"Probable cause for arrest exists if facts or circumstances known by the arresting officer and of which he had trustworthy information would warrant a prudent man of reasonable caution to believe that the accused had committed an offense. *Smith* v. *State* (1971), 256 Ind. 603, 271 N.E.2d 133. And it is settled that such probable cause may be supported—even created—by information supplied by a reliable informant. *Johnson* v. *State* (1973), [157] Ind. App,. [105] 299 N.E.2d 194. . . ."

Requirements for a constitutionally valid arrest are set forth in *Francis* v. *State* (1974), 161 Ind. App. 371, 316 N.E.2d 416, 417:

"The constitutional validity of a warrantless arrest depends upon whether at the moment the arrest was made, the arresting officer had probable cause to make it—whether at that moment, the facts and circumstances within his knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrestee had committed or was committing an offense. *Beck* v. *Ohio* (1964), 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142."

Officer Brinkley immediately after entering the home saw marijuana on the kitchen table in plain view and also an

unidentified man. He proceeded through the kitchen to the next room where he saw the Defendant, money, and bags of marijuana, and immediately announced all the persons in that room were under arrest.

From the above stated facts and the further fact that entry was made for the purpose of making a warrantless *arrest,* rather than to make a *warrantless search* of the premises, we are of the opinion that the entry and arrest of Defendant by Brinkley was constitutional and valid and any subsequent seizure of property in plain view and within the area of Defendant's immediate control, without benefit of a search warrant, was also lawful. *Chimel* v. *California* (1969), 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed. 2d 685.

Probable cause existed for the warrantless arrest of Defendant, in that Brinkley had personal knowledge that a felony was being committed. The warrantless arrest did not make the evidence obtained in plain view while making a warrantless arrest inadmissible even though the police could have obtained an arrest warrant and a search warrant before entering Defendant's premises.

It must be remembered that it was after the plain view of the marijuana and $2,200 that the search warrant was issued and served on Defendant and the search made of the home. Prior to the search under the search warrant all that was confiscated was the money for the purchase and the twenty-five pounds of marijuana purchased and in plain view.

Defendant contends that the entrance was illegal in the case at bar in that it violates IC 1971, 35-1-19-6 (Burns Code Ed.) which provides:

"To make an arrest in criminal actions the officer may break open any outer or inner door or window of a dwelling house or any other building or inclosure to execute the warrant, if, after notice of his authority and purpose, he be refused admittance."

In the case at bar, however, entrance was not gained by force but rather the officer was permitted peaceable entry by the informant in the residence.

The Indiana statute is patterned after the federal statute, 18 U.S.C. § 3109. In a similar case, the United States Court of Appeals, First Circuit, held that:

". . . The lawful presence of a government agent precludes any argument that later entries violate the privacy of occupants. Since privacy is what § 3109 seeks to protect, the prior lawful entry and continued presence of Agent Ross vitiates any impropriety of subsequent entries. . . ." *United States* v. *Bradley* (1st Cir., 1972), 455 F.2d 1181, 1186, *affirmed on other grounds*, 410 U.S. 605, 35 L.Ed.2d 528, 93 S.Ct. 1151 (1973).

Defendant next argues that the search warrant obtained on the affidavit of Officer Seng was not valid for the reason the affidavit was false. This contention is based on the premise that the evidence was that when Brinkley called Officer Seng he said "We" rather than "I" when he related the information to Officer Seng that he had observed the controlled substance in the home. The fact that Brinkley personally observed the marijuana and said that "we", in relating the probable cause facts to Seng, had made the purchase does not invalidate the search warrant as he, Brinkley, was one of those collectively making the purchase and investigation. Certainly it was well known to Brinkley that the purchase had been made as he saw Defendant counting the $2,200 he had given the informer for the purchase and he saw the purchased product being readied for delivery.

It was said in *Francis* v. *State, supra:*

"In our opinion, the existence of probable cause for an arrest should be determined on the basis of the collective information known to the law enforcement organization as a whole, and not solely on the personal knowledge of the arresting officer. The police force is considered as a unit and where there is a police-channel communication to the arresting officer and he acts in good faith thereon, the

arrest is based on probable cause when such knowledge and information exist within the department. . . ."

It is our opinion that Seng placed good faith reliance on the statement in addition to the good faith in Brinkley's statement and that the search warrant was valid. *U.S.* v. *Damitz* (9th Cir. 1972) 495 F.2d 50.

Defendant further argues that the evidence obtained by the search warrant was not admissible into evidence. The evidence obtained as a result of the search warrant and admitted into evidence pertained to evidence obtained after the purchase of twenty-five pounds of controlled substance and was merely cumulative and not decisive as to Defendant's guilt. Admission of cumulative evidence, if error, is not prejudicial error and Defendant cannot be heard to complain.

Our Supreme Court said in *Mitchell* v. *State* (1972), 259 Ind. 418, 287 N.E.2d 860, 863, "In Indiana, it is well settled that the introduction of otherwise inadmissible evidence which is merely cumulative and not decisive of guilt is not prejudicial error." See also, *Turner* v. *State* (1972), 258 Ind. 267, 280 N.E.2d 621, 623.

Defendant charges the State violated the pre-trial discovery order in that all of the exhibits admitted were not revealed to Defendant in the State's answer to Defendant's discovery motion. In the response to the discovery order issued by the State, "3 bags of marijuana" were listed. The record discloses that on April 15, 1974, the State filed its supplemental answer to the discovery motion, to which it had filed answer on March 27, 1974, showing that the State also intended to rely on the exhibit of 31 bags of marijuana. This correction was made more than six months before trial was commenced.

Defendant cannot now be heard to complain of a "trial by ambush," and for which he cites *State ex rel. Keller* v. *Criminal Court of Marion County* (1974), 262 Ind. 420, 317 N.E.2d 433. Defendant had adequate time after the above named

supplemental answer to the discovery motion was filed to prepare for trial and was in no way prejudiced and there was no error as charged.

Defendant next argues error of the trial court in overruling his written challenge to the entire array of petit jurors to try this cause, for the following reasons, namely:

(a) The order of names as listed in the array or panel and as called for service herein are not in the same order in which the names were drawn from the box nor will the bailiff call the jurors to the jury box in the same order the names were drawn from the box, and

(b) That the Clerk did not attach her certificate of the fact of the drawing of said names of said jurors.

Specification (a) is expressly waived by Defendant in deference to IC 1971, 33-5-43-21 (Burns § 4-2981) and will not be considered herein.

Specification (b) is pursuant to IC 1971, 33-15-22-1 (Burns § 4-7118). The record discloses there was no Clerk's certificate affixed. At a hearing on the motion prior to trial Defendant did not allege he had been prejudiced or harmed, nor did he prove he had been harmed by the Clerk's failure to affix the certificate. Further, Defendant fails to show in his brief how he was harmed by the irregularity. We now hold that even though procedure under the above statute may have been error, it was harmless error. *Hopkins* v. *State* (1973), 163 Ind. App. 276, 323 N.E.2d 232, 237. Ind. Rules of Procedure, Trial Rule 62; IC 1971, 35-1-47-9 (Burns § 9-2320).

Defendant, under specification 4 of his motion to correct errors, charges uncorrected errors of law in the court's overruling Defendant's objections to questions which called for hearsay answers or testimony concerning Defendant's prior criminal activity. Questions of law raised under specification 4 and all its subdivisions are sufficiently identical that we

shall group them into one argument under Ind. Rules of Procedure, Appellate Rule 8.3 (A) (7).

Defendant objects to the question posed to Captain Seng which asked him what information Brinkley related on the basis of which he signed the affidavit for the search warrant. The probable cause on which a search warrant issues may be based upon credible hearsay. IC 1971, 35-1-6-2 (Burns § 9-602). Further, the declarant subsequently testified, thereby rendering the hearsay answer harmless. *Hall* v. *State* (1972), 259 Ind. 131, 284 N.E.2d 758.

Defendant next alleges error in the admission into evidence of the testimony of Officer Chaffin as to what Brinkley had related to him concerning the arrangement to make the narcotics buy. The trial judge asked if Brinkley was going to testify and upon being advised that he was, the testimony was admitted, thereby rendering harmless the testimony by the subsequent testimony of the declarant, allowing Defendant the opportunity to cross examine said declarant. *Hall* v. *State, supra.*

A further question was posed to Officer Chaffin to which the trial court overruled an objection and which question asked if he had any information relating to Defendant's plans immediately after the buy was consummated. Chaffin answered that Brinkley had told him the Defendant planned to go to Florida shortly after the sale. Again, Brinkley later testified as to the same question, to which Defendant did not object and therefore the admission of the testimony was harmless error, if error.

Defendant alleges error in the trial court's overruling his objection to a question posed to Brinkley which asked if, to the best of his knowledge, Anderson and Carrigan were invited into the house on February 22, 1974. Defendant urges that the answer to the above question attempts to establish proof as to certain facts based not upon what the witness himself had actually seen but what he had been told by a third

party. The State contends that the question did not seek an answer based on hearsay nor does the answer qualify as hearsay. The answer was "They walked to the house and knocked and the door was opened and it appeared that they were invited in, yes, sir." The question, in fact, called for a "yes" or "no" answer as a statement of fact, which he personally observed, and did not relate any conversation which was offered for the truth of the matter contained therein. The answer was not hearsay and the objection was properly overruled.

Defendant charges error in admitting the testimony but does not point out to this court how he was harmed thereby. He charges that hearsay evidence cannot be admitted against a defendant in a criminal case. There are numerous exceptions to the hearsay rule and the trial court did not err in admitting any of the above testimony, as it fell within those exceptions.

Defendant charges error in that the trial court admitted the question and answers as to why Brinkley began his investigation, Brinkley's response to which was that he had received information that drugs were being stored in and sold from the Defendant's house. In answer thereto the State urged that information which the police had had pertaining to a defendant at the beginning of an investigation to determine probable cause is admissible. This court has heretofore cited the case of *Francis* v. *State, supra,* which held that the existence of probable cause should be determined on the basis of the collective information known to the law enforcement organization as a whole and not solely on the personal knowledge of the arresting officer. Thus, the collective knowledge of the police unit can be admitted through one of its members, as was done in the case at bar.

Defendant next urges error on the part of the trial court in admitting testimony as to drug activity at the address for

which the Defendant was not charged. It must be noted Defendant based his objection to the question on the grounds that it was hearsay. An objection to a question or evidence must be full and comprehensive in pointing out the particular reason for the objection, and on appeal the argument portions of the brief must approach the objection on the same grounds as those made at the time of the trial and cannot be enlarged upon thereafter by the defendant. Any attempt to so enlarge upon any objection or raise the issue on appeal is deemed waived.

In *Murphy* v. *Indiana Harbor Belt Railroad Company* (1972), 154 Ind. App. 103, 289 N.E.2d 167, 176, this court, in holding the failure to properly save a question, as was done in this case, held:

" 'The rule long established in this State is that an objection to a question must be full and comprehensive in pointing out the particular reason for the objection. *Beeler* v. *State* (1952), 230 Ind. 444, 104 N.E.2d 744; *Allman, et al.* v. *Malsbury, et al.* (1945), 224 Ind. 177, 65 N.E.2d 106. Further, the argument portion of the brief must approach the objection on the same ground as that made at the time of trial. We note that the objections made at the time of trial were not sufficiently comprehensive to present any question to the trial court, and that the appellant has attempted to enlarge upon these objections in this appeal which is not permitted. By reason of the foregoing no question is before us concerning either the objections made during the trial or the trial court's ruling on such objections.' "

Defendant having objected at the trial on the grounds of hearsay, and having changed his objection to the admission of any activity in the residence in this court, has failed to save his claimed error.

Defendant's last two specifications of error will be treated together.

The first of said two arguments charges he was denied equal protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution and Article 1,

§ 23 of the Indiana Constitution. This issue is based on the argument that he is entitled to a bifurcated trial whereby the jury should first determine guilt or innocence, and then if the jury convicts, it should be able to avail itself of mitigating circumstances in fixing the penalty, i.e., the pre-sentence investigation report, just as the trial court employs the pre-sentence investigation report prior to sentencing a defendant.

The second and final contention is that the trial court erred in the forms of verdict submitted to the jury of which the jury utilized one which read as follows: "We, the jury, find the Defendant guilty of Delivering a Controlled Substance, as charged in Count II of the information herein, and that he be sentenced to five years and fined zero dollars."

Defendant timely objected to the forms of verdict submitted by the court for the reason that Defendant was entitled to a bifurcated trial; that the pre-sentence law of Indiana enables a court to take into consideration mitigating factors before assessing punishment; that the failure to afford the defendant that right is to deny him equal protection of the laws as guaranteed by the State and Federal Constitutions.

IC 1971, 35-8-2-1 (Burns § 9-1819) states that:

"When the defendant is found guilty, the jury, except in the cases provided for, in the next three [two] sections, must state, in the verdict, the amount of fine and punishment to be inflicted; where the plea is guilty, or the trial is by the court, the court, subject to the same exception, shall assess the amount of fine and fix the punishment to be inflicted."

The responsibility to levy the amount of fine and punishment is granted to the jury by the above statute. However, the Legislature has gone further, enacting IC 1971, 35-8.1A-9, which provides that:

"Presentence report required.—*No defendant convicted of a felony shall be sentenced before a written presentence report is prepared by a probation officer and considered by the sentencing court. . . .*"   (Our emphasis.)

In *Ware* v. *State* (1963), 243 Ind. 639, 189 N.E.2d 704, our Supreme Court held that it was reversible error for the trial court to sentence the defendant prior to a consideration of the pre-sentence report.

This court said, in *Cooper* v. *State* (1973), 158 Ind. App. 82, 301 N.E.2d 772, 778:

"Notwithstanding what may appear to be a preclusion of the use of presentence investigation reports in convictions by jury which require a determinate sentence except as to suspension or probation, consideration of such report by a court acting without a jury would be hollow and meaningless indeed if it could not be used to assist the court in exercising its statutory discretion as to the particular determinant sentence permissible within a minimum-maximum range."

In *Cooper, supra,* this court went further to hold that the defendant failed to show nor could he show that he was legally entitled to a lesser determinate sentence than that which was imposed. Defendant, in the case at bar, received a determine sentence of five years which was the very minimum sentence allowed for the crime of which he was convicted. A pre-sentence report, had it been available, could not have permitted the jury to have rendered a lesser sentence in that the jury had ultimately assessed the least penalty allowed.

The ultimate sentence received by a defendant does not rest with the jury in trials by jury. The trial court must review and consider the pre-sentence report prior to sentencing and commitment. The trial court, in its discretion, may, after considering the pre-sentence report, suspend any sentence or penalty fixed by a jury, or place the defendant on probation. IC 1971, 35-7-1-1 (Burns § 9-2209).

In the case at bar Defendant was awarded the minimum sentence for the crime of which he was charged and convicted. The court did not err in refusing to give him a bifurcated trial as it would have been the doing of a useless thing which is not the law of Indiana. He was not prejudiced by the refusal

of a bifurcated trial. The form of verdict adopted and returned by the jury was correct. In our opinion Defendant had not been denied equal protection of the laws and the court did not violate the constitutional provisions as charged.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 343 N.E.2d 305.