**Leroy Clifford SMITH, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 82A01–8807–CR–220.**

Court of Appeals of Indiana, First District.

Dec. 20, 1988.

Terry A. White, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Appellant-defendant Leroy Smith (Smith) appeals from his conviction after a bench trial of operation of a motor vehicle after having been adjudged an habitual traffic offender, a class C felony.

We affirm.

The evidence favorable to the verdict showed that the arresting officer, Bruce Pullom, observed Smith flag down a truck to assist him with his truck, which was stopped at an intersection. Pullom observed the second vehicle push Smith's truck, with Smith behind the steering wheel, out of the intersection. Smith's truck then started and proceeded two blocks before turning into an alley and stopping. Smith was the only person in the truck. Pullom had followed Smith into the alley and stopped the officer behind him. Smith appeared to Pullom to be intoxicated. The officer noticed there were keys in the truck's ignition.

Pullom spoke with Smith, who admitted he did not have a driver's license. A radio check revealed Smith's license had been suspended. Smith contended at trial that the truck was out of gas, and he was waiting for his son and a friend to return with gas. Smith had not told Officer Pullom he was out of gas.

Smith was convicted of the above offense after a trial to the judge. He poses his sufficiency of the evidence issue thus: Does steering a vehicle that is out of gasoline, but being pushed from behind by another vehicle, constitute sufficient evidence of operating a motor vehicle?

If, examining only the evidence most favorable to the State together with all reasonable and logical inferences deducible therefrom, there exists substantial evidence of probative value from which the trier of fact could have reasonably inferred guilt beyond a reasonable doubt, a conviction will not be disturbed. *Tillman v.*

*State* (1975), 163 Ind.App. 563, 325 N.E.2d 509. The State's evidence was sufficient to support the verdict on the contested element of "operating a motor vehicle." The court could infer from the testimony of Bruce Pullom that Smith drove the truck two blocks and into an alley, under the truck's own power, without the aid of another vehicle. Further, the court could have inferred that the truck was not out of gas from Pullom's testimony that after the push, Smith's truck "started." The fact of the truck's being out of gas was not firmly established at trial, as Smith suggests on appeal. We are not at liberty to reweigh the evidence. *Id.*

Because we conclude that the evidence is sufficient to establish that Smith operated the truck under its own power, we need not determine whether the evidence was sufficient to prove he operated a motor vehicle under the scenario he proposes on appeal.

Judgment affirmed.

NEAL and MILLER, JJ., concur.