STATE of Wisconsin, Plaintiff-Respondent,

v.

Kenneth L. LARSON, Defendant-Appellant.

Court of Appeals

*No. 95–1940–CR. Submitted on briefs July 9, 1997.—Decided November 13, 1997.*

(Also reported in 572 N.W.2d 127.)

155

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Katherine R. Kruse,* Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Stephen W. Kleinmaier,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

Before Vergeront, Roggensack and Deininger, JJ.

DEININGER, J.   Kenneth Larson appeals a judgment convicting him of possession of a controlled substance (THC), with intent to deliver, in violation of § 161.41(1m), STATS., 1991–92.[1] He claims the trial court erred in denying his motion to suppress evidence obtained during the execution of a search warrant at his home. He argues that the warrant was improperly executed when the police failed to announce their presence prior to entering the dwelling, in violation of the Fourth Amendment's prohibition against unreasonable searches and seizures. We conclude, however, that at the time the police executed the warrant, they had a reasonable suspicion that announcing their presence would allow the destruction of evidence, which justified their ultimate decision to enter without announcing their presence and authority.

## BACKGROUND

This case is before us on remand from the U.S. Supreme Court. The Court vacated our prior decision affirming the trial court's denial of Larson's suppression motion, *State v. Larson,* No. 95–1940-CR, unpublished slip op. (Wis. Ct. App. June 27, 1996). We

---

[1] Possession of a controlled substance with intent to deliver is now prohibited under § 961.41(1m), STATS.

had affirmed the trial court in reliance on the Wisconsin Supreme Court's opinions in *State v. Stevens*, 181 Wis. 2d 410, 511 N.W.2d 591 (1994), and *State v. Richards,* 201 Wis. 2d 845, 549 N.W.2d 218 (1996), which established and reaffirmed a "blanket rule" that "police are not required to adhere to the rule of announcement when executing a search warrant involving felonious drug delivery." *Richards*, 201 Wis. 2d at 866, 549 N.W.2d at 227. The U.S. Supreme Court thereafter ruled, however, that the Fourth Amendment does not permit a blanket exception to the "knock-and-announce" requirement for felony drug investigations. *Richards v. Wisconsin*, 520 U.S. —, 117 S. Ct. 1416, 1421–22 (1997). The Court has instructed us to consider Larson's appeal in light of its opinion in *Richards*.

In our prior opinion, we summarized the factual underpinnings and trial court proceedings in this case as follows:

> Following an evidentiary hearing on Larson's motion to suppress, the trial court found that the affidavit on which the no-knock search warrant was issued to search Larson's home stated in part, "It has been the experience of your affiant [police detective] that if given time drug dealers will either arm themselves and/or dispose of evidence of a drug crime. Based on this, your affiant asks that the warrant be authorized as a no-knock search warrant." Affiant stated he had received an anonymous tip that Larson was selling fifty to 100 pounds of marijuana and up to one-half pound of cocaine per week. The affiant also stated that when Larson had been arrested for possession of marijuana earlier that day, he had in his possession $5,620 and a quantity of marijuana. The same day the police had searched trash taken from the terrace at his home, and it contained evidence of drug activity.

. . . .

The trial court concluded that the no-knock provision was erroneously authorized, but sustained execution of the warrant on other grounds. The court found that when the officers gathered to execute the warrant about 3:00 a.m. on May 27, 1992, they had reason to believe that only Larson's wife and children occupied the premises. The officers decided that if they knocked and the wife answered the door, they would have secured the only adult present and they could then enter the premises to make the search. The court found the officers knocked but they did not announce that they were police with a search warrant.

The trial court found that while officers were knocking at the front door, an officer securing the rear area of the home saw a person silhouetted against a light in the house. and pacing back and forth. When he informed the officers at the front door that there was movement in the house, they used a ram to open the door. That occurred between twenty-five and thirty-five seconds after the knocking. The officer who decided to force the entry did so because of his concern over the movement in the house and the lack of response to the knocking. He wanted the police to control the situation and eliminate the likelihood of danger to them and the occupants and to prevent possible destruction of evidence.

The trial court concluded that the totality of the circumstances surrounding the entry established that the police acted reasonably in their entry of Larson's residence. The court said that the officers had attempted to comply with the rule of announcement, and the decision to force an entry was made after some thirty seconds elapsed after knocking and after they learned of movement in the house not directed to the front door. The court said at that

point they had reason to believe that evidence was being destroyed. Concluding it was reasonable for the police not to further follow the rule of announcement, the court denied the motion to suppress.

*State v. Larson*, No. 95–1940-CR, unpublished slip op. at 3–5 (Wis. Ct. App. June 27, 1996).

The parties have filed supplemental briefs, and we now consider the facts and their arguments in light of *Richards v. Wisconsin*, 520 U.S. —, 117 S. Ct. 1416 (1997).

## ANALYSIS

■ Both the Fourth Amendment to the United States Constitution and Article I, section 11 of the Wisconsin Constitution, guarantee citizens the right to be free from "unreasonable searches and seizures." In reviewing an order denying a motion to suppress evidence, an appellate court will uphold a trial court's factual findings unless they are against the great weight and clear preponderance of the evidence. *State v. Jackson*, 147 Wis. 2d 824, 829, 434 N.W.2d 386, 388 (1989). However, whether a search passes constitutional muster is a question of law subject to de novo review. *State v. Richardson*, 156 Wis. 2d 128, 137–38, 456 N.W.2d 830, 833 (1990).

Although the Supreme Court in *Richards* set aside Wisconsin's "blanket exception" to the knock-and-announce rule for felony drug investigations, it concluded that the circumstances surrounding the no-knock entry in that case justified the entry. *Richards*, 520 U.S. —, 117 S. Ct. at 1422. The Court explained that "the reasonableness of the officers' decision . . . must be evaluated as of the time they entered" the premises to be searched. *Id.* A "magistrate" had refused

to issue a "no-knock" warrant for Richards' hotel room. *Id.* at —, 117 S. Ct. at 1418. An officer knocked on the hotel room door at 3:40 a.m., claiming to be a maintenance man. Richards cracked open the door, saw a uniformed officer behind the "maintenance man," and quickly slammed the door shut. Two or three seconds later, the police kicked and rammed the door open. *Id.* at —, 117 S. Ct. at 1419. The Court concluded on these facts that the police had acted reasonably:

> These actual circumstances—petitioner's apparent recognition of the officers combined with the easily disposable nature of the drugs—justified the officers' ultimate decision to enter without first announcing their presence and authority.

*Id.* at —, 117 S. Ct. at 1422.

Here, the court commissioner who issued the warrant to search Larson's residence authorized a "no-knock entrance." The trial court, however, applying pre-*Stevens* law,[2] concluded that there was not a sufficient basis set forth in the affidavit filed in support of the warrant request to justify issuance of a no-knock warrant. We agree. The sole "fact" in the affidavit supporting the request for a no-knock entry was a recitation of the detective's "experience" that "if given time drug dealers will either arm themselves and/or dispose of evidence of a drug crime." Without a more particularized showing, such a recitation of experience or generalized knowledge is an insufficient basis upon which to authorize an unannounced entry into a sus-

---

[2] The trial court's ruling pre-dated *State v. Stevens*, 181 Wis. 2d 410, 511 N.W.2d 591 (1994), and relied principally on *State v. Cleveland*, 118 Wis. 2d 615, 348 N.W.2d 512 (1984), and *State v. Williams*, 168 Wis. 2d 970, 485 N.W.2d 42 (1992).

pect's home. *State v. Stevens*, 213 Wis. 2d 324, 331–32, 570 N.W.2d 593, 596 (Ct. App. 1997).

The issue before us, then, is whether the circumstances that unfolded after the police arrived at Larson's residence justified their entry without announcing their presence and authority. Those circumstances lead us to conclude that the officers acted reasonably, and we therefore affirm the denial of Larson's motion to suppress.

■

The showing required of the State in order to sustain an unannounced entry "is not high," and it parallels the "reasonable suspicion" standard for justifying investigative stops under *Terry v. Ohio*, 392 U.S. 1 (1968). *Richards,* 520 U.S. —, 117 S. Ct. at 1421–22. We have described the showing required by *Richards* as follows:

> If the police have a reasonable suspicion based on specific and articulable facts (i.e., something beyond a mere hunch) that announcing their presence will endanger their safety or present an opportunity for a suspect to destroy evidence, the police may effect an entry without announcement.

*Stevens,* 213 Wis. 2d at 331, 570 N.W.2d at 596.

The trial court found that upon arriving at the Larson residence, the police decided *not* to proceed with a no-knock entry, rather:

> The officers decided that if they knocked and the wife answered the door that they would have the only adult present secured and they would then enter the premises to effectuate the search.

After officers at the door knocked several times, an officer at the rear of the house saw a person, silhouet-

ted by a light, "pacing back and forth," and he so advised the officers at the front door. Some twenty-five to thirty-five seconds after knocking, the officers used a ram to open the front door. The trial court found that the forced entry was prompted by the observed movement in the residence:

> Here the officers were attempting to comply with the rule of announcement. It was only after the lapse of 30 seconds after the knocking occurred and after the entry officers were advised that there was movement in the house not directed to the front door that the decision to force entry was made. At this point the officers had reason to believe that the destruction of evidence was taking place. It was reasonable to not further follow the rule of announcement.

We concur with the trial court's analysis. Larson does not challenge the issuance of the warrant to search his residence; thus he concedes that the officers had probable cause to believe that controlled substances and other evidence of criminal activity were present in the house. Given the information gained from the anonymous tip and their trash bag search, it was reasonable for the officers to believe that other occupants of the residence would be aware of the existence and location of drugs on the premises. When a person was observed pacing back and forth at the rear of the dwelling following the knocking at the front door, it was not unreasonable for the police to believe that the person might be destroying evidence. We conclude that "[t]hese actual circumstances"—observed suspicious movements by an occupant of the house "combined with the easily disposable nature of the

drugs—justified the officers' ultimate decision to enter without first announcing their presence and authority." *Richards*, 520 U.S. —, 117 S. Ct. at 1422.

*By the Court.*—Judgment affirmed.