ATTORNEY FOR APPELLANT
Stanley L. Campbell
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

### In the
# Indiana Supreme Court

**FILED**

May 10 2011, 10:05 am

CLERK
of the supreme court,
court of appeals and
tax court

No. 02S03-1010-CR-604

DAMION J. WILKINS,                          *Appellant (Defendant below),*

v.

STATE OF INDIANA,                          *Appellee (Plaintiff below).*

Interlocutory Appeal from the Allen Superior Court, No. 02D04-0812-FB-221
The Honorable John F. Surbeck, Jr., Judge

On Transfer from the Indiana Court of Appeals, No. 02A03-0910-CR-451

**May 10, 2011**

**Dickson, Justice.**

Facing charges of Unlawful Possession of a Firearm by a Serious Violent Felon as a Class B felony and Possession of Marijuana as a Class A misdemeanor, the defendant, Damion J. Wilkins, sought to suppress evidence obtained when police executed a search warrant. The trial court denied his motion, and he was permitted to take this interlocutory appeal from the denial. The Court of Appeals reversed. Wilkins v. State, 930 N.E.2d 652 (Ind. Ct. App. 2010). We granted transfer and now affirm the denial of his motion to suppress.

Seeking reversal of the trial court's ruling, the defendant's appeal asserts three claims: (a)

lack of basis for a trash search, (b) lack of probable cause for the search warrant, and (c) violation of the federal and state constitutional provisions against unreasonable search and seizure because the warrant was executed without police knocking and announcing their presence. The Court of Appeals resolved the first two claims against the defendant but concluded that the "no-knock" execution of the search warrant under the circumstances violated the Indiana Constitution and required suppression of the evidence. *Id.* at 663. We granted transfer to address this last claim and now summarily affirm the Court of Appeals as to all other issues. Ind. Appellate Rule 58(A)(2).

This interlocutory appeal is a companion appeal to one brought by Wilkins's co-defendant, Cornelius Lacey. Both co-defendants sought suppression of the evidence resulting from the no-knock execution of a warrant for the search of the residence in which they were located. Our opinion in Lacey's appeal is issued contemporaneously with this opinion. Lacey v. State, ___ N.E.2d ___ (Ind. 2011).

The defendant presents three arguments to support his challenge to the no-knock entry. One of these is his contention that the exigent circumstances should have been first presented to a neutral and detached judicial officer to determine if the circumstances justified a no-knock entry and search. As addressed more fully in our opinion today in Lacey, we reject this argument. The police were not required to present known exigent circumstances and obtain specific judicial authorization before executing a no-knock entry.

Secondly, the defendant asserts that the no-knock execution of the warrant, even if permitted under the federal and state constitutions, nevertheless violated Indiana Code § 35-33-5-7.[1] He argues that the statute expresses clear legislative intent to require officers to first announce their presence before any forcible entry. In Lacey, we noted with approval that this contention was rejected in Beer v. State, 885 N.E.2d 33, 42–43 (Ind. Ct. App. 2008), *trans. not sought*. The

---

[1] The specific statutory language relevant to the defendant's contention is subsection (d):
A law enforcement officer may break open any outer or inner door or window in order to execute a search warrant, if he is not admitted following an announcement of his authority and purpose.

Ind. Code § 35-33-5-7(d).

defendant urges that Beer was incorrectly decided and that the statute should not be construed to permit exigent circumstances to justify an officer to bypass the knock and announce requirement when executing a warrant. We disagree and decline to further revisit Beer.

His third contention is that the factual circumstances presented in the record did not constitute sufficient exigent circumstances to justify the police bypass of the knock and announce rule. This issue was not presented in Lacey. Wilkins argues that the exigent circumstance relied upon by the State was officer safety, that this came from Wilkins's prior conviction for armed robbery in a home invasion and resisting arrest, and that the State failed to establish that the police had any expectation that Wilkins would be present during their search of Lacey's residence, thus resulting in an unreasonable search prohibited by the state and federal constitutions.

The State responds alternatively that (a) there is an evidentiary dispute as to whether the police failed to announce their presence, or (b) any no-knock entry here was justified because of the concern for police officer safety based upon the prior criminal conduct of Lacey and Wilkins.

The search warrant authorized the Fort Wayne Police Department to search a specifically identified building for evidence of marijuana, cocaine and its derivatives, currency, firearms and weapons, and records of drug transactions and other financial information. Before executing the search warrant, the officers were provided with criminal history information about both Wilkins and Lacey. The police executed the warrant at approximately 7:30 a.m., using a ram to open the door. One of the officers participating in the search testified at the suppression hearing that there was no knocking or announcement of police presence before the ram was used. A video recording of the entry depicts that virtually simultaneously with the forced entry, one of the officers yelled "Police" and other inaudible words.[2] The police provided the following reasons to justify their forced entry without first knocking and announcing their presence: (a) Lacey had a warrant for a bond revocation that stated he may be armed; (b) Lacey was a known convicted felon for dealing in cocaine; (c) police believed that Wilkins was in the house and knew that he had been

---

[2] The State contends that the words uttered were, "Police, we have a search warrant, open the door." Appellee's Br. at 11. Whatever the actual words, it is clear from the video evidence that they were yelled contemporaneously with the police forced entry and did not allow time for the occupants to comply with any entry request.

3

arrested in 2001 for home invasion and convicted of armed robbery and resisting arrest; (d) the officers believed that "there would possibly be weapons . . . [and] a propensity for violence due to the armed robbery charge and the fleeing," Tr. at 16; (e) Lacey had been arrested for criminal recklessness in 1994; and (f) the fact that police often "find weapons at the homes of drug dealers." *Id.* In denying the defendant's motion to suppress, the trial court found "that based upon the criminal histories of [the co-defendants], Fort Wayne Police officers were justified, for officer safety, in serving the warrant without knocking and announcing their presence." Appellant's App'x at 17. The court also determined that "[a]t the time the warrant was to be served, Fort Wayne Police had information that Damion Wilkins, as well as Cornelius Lacey might be at the residence when the warrant was served." *Id.*

The defendant asserts that the execution of the warrant violated the Search and Seizure Clauses in the United States and the Indiana Constitutions, but he does not separately argue any independent basis for his claim under the Indiana Constitution. Because he provides no authority or independent analysis supporting a separate standard under the state constitution, any state constitutional claim is waived. Jackson v. State, 925 N.E.2d 369, 372 n.1 (Ind. 2010); Membres v. State, 889 N.E.2d 265, 275 n.1 (Ind. 2008); Williams v. State, 724 N.E.2d 1093, 1096 n.5 (Ind. 2000); Brown v. State, 703 N.E.2d 1010, 1015 n.4 (Ind. 1998).

Federal constitutional jurisprudence requires "only that police 'have a reasonable suspicion . . . under the particular circumstances' that one of these grounds for failing to knock and announce exists, and we have acknowledged that '[t]his showing is not high.'" Hudson v. Michigan, 547 U.S. 586, 590, 126 S. Ct. 2159, 2163, 165 L. Ed. 2d 56, 63 (2006) (quoting Richards v. Wisconsin, 520 U.S. 385, 394, 117 S. Ct. 1416, 1421–22, 137 L. Ed. 2d 615, 624 (1997)). Even if the circumstances were considered to have been insufficient to justify the no-knock entry, however, such a violation would not entitle the defendant to the exclusion of the resulting evidence under federal jurisprudence.

> In sum, the social costs of applying the exclusionary rule to knock-and-announce violations are considerable; the incentive to such violations is minimal to begin with, and the extant deterrences against them are substantial . . . . Resort to the massive remedy of suppressing evidence of guilt is unjustified.

*Id.* at 599, 126 S. Ct. at 2168, 165 L. Ed. 2d at 69. Because the defendant presents his claim of constitutional violation as a basis to support his motion to suppress, and suppression is not appropriate under federal law, we affirm the trial court's denial of his motion.

We find that the defendant is not entitled to suppression of the evidence on these claims of error related to the no-knock entry. Having summarily affirmed the Court of Appeals as to his other appellate claims, we now affirm the trial court's denial of his motion to suppress.

Shepard, C.J., and Sullivan, Rucker, and David, JJ., concur.