ATTORNEYS FOR APPELLANT
Harold W. Myers
Wyss, Morgan & Myers

P. Stephen Miller
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana



## In the
## Indiana Supreme Court

No. 02S05-1010-CR-601

CORNELIUS TYRONE LACEY, SR.,              *Appellant (Defendant below),*

v.

STATE OF INDIANA,              *Appellee (Plaintiff below).*

Interlocutory Appeal from the Allen Superior Court, No. 02D04-0812-FB-222
The Honorable John F. Surbeck, Jr., Judge

On Transfer from the Indiana Court of Appeals, No. 02A05-0910-CR-562

**May 10, 2011**

**Dickson, Justice**.

In this interlocutory appeal, the defendant challenges the trial court's denial of his motion to suppress evidence obtained from the execution of a search warrant by police forcing their way into his residence without first knocking and announcing their presence.  The Court of Appeals reversed.  Lacey v. State, 931 N.E.2d 378 (Ind. Ct. App. 2010).  We granted transfer and hold that the Indiana Constitution does not require prior judicial authorization for the execution of a warrant without knocking and announcing when justified by exigent circumstances known by police when the warrant was obtained.  Because judicial officers may issue advance authorizations for police to bypass the knock and announce requirement, however, the better police prac-

tice is to minimize legal uncertainty by seeking such advance approval when supported by facts known when the warrant is sought.

Co-defendants Cornelius Lacey and Damion Wilkins are each charged with Unlawful Possession of a Firearm by a Serious Violent Felon and Possession of Marijuana. Additionally, Lacey is charged with Maintaining a Common Nuisance. The evidence to support these charges was obtained as a result of a police search of Lacey's residence in Fort Wayne, Indiana, pursuant to a search warrant that was executed by police officers without first knocking and announcing their presence. The trial court denied the defendant's motion to suppress evidence but authorized an interlocutory appeal of its ruling, and the Court of Appeals accepted jurisdiction. Ind. Appellate Rule 14(B).

The defendant's interlocutory appeal argues in the alternative that (a) the search warrant was not supported by probable cause, and (b) even if the warrant was valid, it was executed without compliance with the knock and announce requirement in violation of state constitutional law. Finding probable cause for the issuance of the search warrant of the defendant's residence, the Court of Appeals rejected the first argument but concluded that the officers' decision in this case to enter the residence without knocking and announcing their authority violated the Search and Seizure Clause of the Indiana Constitution[1] and that suppression of the resulting evidence was the appropriate remedy.[2] We summarily affirm the Court of Appeals as to the first issue, the sufficiency of probable cause for the issuance of the warrant. Ind. App. R. 58(A)(2).

As to the remaining issue, the manner of execution of the warrant, the defendant's argu-

---

[1] Virtually mirroring the language in the Fourth Amendment to the United States Constitution, Article 1, Section 11 of the Indiana Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.

[2] The defendant seeks relief only under the Indiana Constitution, noting that federal Fourth Amendment jurisprudence does not require the exclusion of evidence following the failure of police to knock and announce. *See* Hudson v. Michigan, 547 U.S. 586, 590–602, 126 S. Ct. 2159, 2163–70, 165 L. Ed. 2d 56, 64–71 (2006).

ment on appeal contends that the exigent circumstances asserted by the State to justify the "no-knock" entry were known when the warrant was sought but were not provided to the issuing magistrate, and the police neither sought nor received explicit authorization from the magistrate to dispense with the knock and announce procedure. While asserting that Indiana Code § 35-33-5-7(d) provides for a knock and announce requirement, the defendant acknowledges that Indiana law permits the execution of a warrant without an announcement of presence and purpose if exigent circumstances exist. The defendant's interlocutory appeal does not argue that the factors actually relied on by the police were inadequate exigent circumstances to justify the no-knock entry but rather that they should have been previously presented to a magistrate and a no-knock warrant obtained.

The State responds that the knock and announce procedure is not absolute and that the no-knock entry here was justified because of the concern for police officer safety after police thoughtfully considered the two co-defendants' histories including an arrest for criminal recklessness, a conviction for dealing in cocaine, a bond revocation warrant that indicated Lacey may be armed, and a conviction for armed robbery and resisting arrest.[3] The decision whether to knock and announce, the State argues, must be made by police considering the circumstances at the time a warrant is executed, not in advance by a magistrate when issuing the warrant.

This Court has long recognized that the Indiana Constitution's provision dealing with searches and seizures requires "that the police knock and announce their authority before conducting a search of a dwelling." State v. Dusch, 259 Ind. 507, 512, 289 N.E.2d 515, 517 (1972). This requirement, however, "is not to be adhered to blindly regardless of the particular circumstances confronting the authorities at the time the search is to be conducted." *Id.* In Dusch, this Court noted that such requirement may not apply when the facts present sufficient exigent circumstances. *Id.* at 512–13, 289 N.E.2d at 518. Subsequent Indiana appellate decisions have applied Dusch to find that police should knock and announce their authority before conducting a search; such procedure is not absolute, being subject to exigent circumstances; and reasonable-

---

[3] While asserting that the arresting officers decided to serve the warrant in a no-knock fashion, the State also asserts that immediately before breaking down the door and entering the defendant's residence, one of the officers yelled, "Police, we have a search warrant, open the door." Appellee's Amended Br. at 8.

ness of police conduct is the touchstone for consideration.  *See* <u>Moran v. State</u>, 644 N.E.2d 536 (Ind. 1994); <u>Davenport v. State</u>, 464 N.E.2d 1302 (Ind. 1984); <u>Beer v. State</u>, 885 N.E.2d 33 (Ind. Ct. App. 2008), *trans. not sought*; <u>Willingham v. State</u>, 794 N.E.2d 1110 (Ind. Ct. App. 2003), *trans. not sought*; <u>Crabtree v. State</u>, 479 N.E.2d 70 (Ind. Ct. App. 1985), *trans. not sought*; <u>Cannon v. State</u>, 414 N.E.2d 578 (Ind. Ct. App. 1980), *trans. not sought*.

In recent years, this Court has expressed that "[t]he legality of a governmental search under the Indiana Constitution turns on an evaluation of the reasonableness of the police conduct under the totality of the circumstances." <u>Litchfield v. State</u>, 824 N.E.2d 356, 359 (Ind. 2005) (citing <u>Moran</u>, 644 N.E.2d at 539).  To determine whether a residential entry violated Article 1, Section 11, we apply a "totality-of-the-circumstances test to evaluate the reasonableness of the officer's actions." <u>Duran v. State</u>, 930 N.E.2d 10, 17 (Ind. 2010).  A more elaborate explanation and methodology for evaluating such reasonableness is provided in <u>Litchfield</u>:

> In sum, although we recognize there may well be other relevant considerations under the circumstances, we have explained reasonableness of a search or seizure as turning on a balance of: 1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities, and 3) the extent of law enforcement needs.

824 N.E.2d at 361.

The defendant directs our attention to the statutory provision related to the knock and announce requirement, Indiana Code § 35-33-5-7(d), which provides:

> A law enforcement officer may break open any outer or inner door or window in order to execute a search warrant, if he is not admitted following an announcement of his authority and purpose.

This provision applies to search warrants.  Ind. Code § 35-33-5-7(a).  There is a parallel statutory provision for arrest warrants.  It provides, in relevant part:

> A law enforcement officer may break open any outer or inner door or window in order to execute an arrest warrant, if he is not admitted following an announcement of his authority and purpose.

Ind. Code § 35-33-2-3(b). In the context of the former provision regarding search warrants, the Court of Appeals in <u>Beer</u> not only held that Indiana law permits no-knock warrants but also emphasized that the statute does not "prohibit entry without announcing the law enforcement officer's authority and purpose when there are exigent circumstances or when it would be dangerous to officers or others to make such an announcement." 885 N.E.2d at 42. The logic of this observation applies equally to the execution of arrest warrants. As noted in <u>Beer</u>, "[t]he legislature has made it clear that execution of a warrant cannot be frustrated by refusal of entry or silence." *Id.*

The major thrust of the defendant's argument is that the Search and Seizure Clause in Article 1, Section 11 should be interpreted to require law enforcement to obtain prior express authorization from the judicial officer issuing the warrant if the grounds for bypassing the knock and announce procedure are based solely upon facts known when the warrant is sought. The use of no-knock warrants has been previously approved. *Id.* at 47. But Indiana jurisprudence has not confronted whether police must obtain no-knock warrants when justified solely by information known at the time of warrant application.

Other jurisdictions have addressed the use of no-knock warrants. They are permitted in the federal courts.

> The practice of allowing magistrates to issue no-knock warrants seems entirely reasonable when sufficient cause to do so can be demonstrated ahead of time. But . . . a magistrate's decision not to authorize a no-knock entry should not be interpreted to remove the officers' authority to exercise independent judgment concerning the wisdom of a no-knock entry at the time the warrant is being executed.

<u>Richards v. Wisconsin</u>, 520 U.S. 385, 396 n.7, 117 S. Ct. 1416, 1422 n.7, 137 L. Ed. 2d 615, 625 n.7 (1997). Judicial opinions in Florida, Oregon, and Virginia have declared that a magistrate lacks the authority to issue a no-knock warrant and that the determination to bypass the knock and announce procedure is to be made only by the executing officers at the time of execution.[4] Ten states, including Indiana, have recognized judicially the validi-

---

[4] *See* <u>State v. Bamber</u>, 630 So. 2d 1048 (Fla. 1994); <u>State v. Arce</u>, 83 Or. App. 185, 730 P.2d 1260 (Or. Ct. App. 1986); <u>Fenner v. Dawes</u>, 748 F. Supp. 404 (E.D. Va. 1990).

ty of the practice of magistrates issuing no-knock warrants.[5] But we find only one jurisdiction whose opinions require police to inform the issuing magistrate of the circumstances believed to justify an unannounced entry and to obtain specific advance authorization for such entry. State v. Wasson, 615 N.W.2d 316, 320 (Minn. 2000).[6] Statutory provisions in twelve states authorize the issuance of no-knock warrants.[7] Several of these statutes appear to authorize the execution of a warrant by forceful entry into a residence only in the event of either of two conditions: (a) refusal of admittance after announcement of police purpose, or (b) exigent circumstances if a no-knock entry is specifically authorized by the judicial officer. *See, e.g.,* NEB. REV. STAT. § 29-411; N.Y. CRIM. PROC. LAW § 690.50; N.D. CENT. CODE § 29-29-08; OKLA. STAT. tit. 22, § 1228; UTAH CODE ANN. § 77-23-210. We do not find case authority from these jurisdictions addressing whether such statutes prohibit police in the absence of such advance judicial authorization from executing a warrant in a no-knock fashion due to exigent circumstances.

As noted above, the touchstone for applying Indiana's Search and Seizure Clause is reasonableness under the totality of the circumstances. In formulating the rule for Indiana, we are informed by the prevalent national view expressed in judicial decisions that prior judicial authorization based on information known when a warrant is obtained is not required for unannounced police entries. As noted above, in the review of claims asserting that a residential entry violated the Indiana Constitution's Search and Seizure Clause, courts apply a totality-of-the-

---

[5] *See* Beer, 885 N.E.2d 33; State v. Ballew, 290 Ga. App. 751, 660 S.E.2d 732 (Ga. Ct. App. 2008); State v. Creason, 33 Kan. App. 2d 114, 98 P.3d 985 (Kan. Ct. App. 2004); Commonwealth v. Santiago, 452 Mass. 573, 896 N.E.2d 622 (Mass. 2008); State v. Wasson, 615 N.W.2d 316 (Minn. 2000); Caldwell v. State, 938 So. 2d 317 (Miss. Ct. App. 2006); State v. Jones, 179 N.J. 377, 846 A.2d 569 (N.J. 2004); State v. Perry, 178 S.W.3d 739 (Tenn. Crim. App. 2005); Chevis v. State, No. 05-04-00142-CR, 2005 Tex. App. LEXIS 2949 (Tex. App. Apr. 19, 2005); State v. Larson, 215 Wis. 2d 155, 572 N.W.2d 127 (Wis. Ct. App. 1997).

[6] It should be noted, however, that Minnesota does not mandate such judicial pre-approval for an unannounced police entry when "necessary for a safe and successful execution of the warrant." Wasson, 615 N.W.2d at 320 n.2.

[7] *See* ARIZ. REV. STAT. ANN. § 13-3915; COLO. REV. STAT. § 16-3-303; 725 ILL. COMP. STAT. 5/108-8; ME. REV. STAT. ANN. tit. 15, § 55 and ME. R. CRIM. P. 41(i); MD. CODE ANN., CRIM. PROC. § 1-203; NEB. REV. STAT. § 29-411; N.Y. CRIM. PROC. LAW § 690.50; N.D. CENT. CODE § 29-29-08; OHIO REV. CODE ANN. §§ 2935.12, 2933.231; OKLA. STAT. tit. 22, § 1228; S.D. CODIFIED LAWS § 23A-35-9; UTAH CODE ANN. § 77-23-210.

circumstances test to evaluate reasonableness. Duran, 930 N.E.2d at 17. We decline to superimpose upon this standard a constitutional requirement for police to seek a no-knock warrant when it appears justified by facts known when the warrant is obtained.

While inherently impossible to anticipate the myriad of circumstances that could constitute exigent circumstances justifying a no-knock entry, such circumstances have been recognized when the facts give police reasonable suspicion that knocking and announcing their presence would permit "escape or the destruction of evidence," Davenport, 464 N.E.2d at 1305 (quoting Ker v. California, 374 U.S. 23, 47, 83 S. Ct. 1623, 1636, 10 L. Ed. 2d 726, 746 (1963)), or "would be dangerous, futile, or inhibit the effective investigation of the crime," Beer, 885 N.E.2d at 44 (citing Richards, 520 U.S. at 394, 117 S. Ct. at 1421, 137 L. Ed. 2d at 624). In Beer, the Court of Appeals determined that there was a reasonable suspicion that knocking and announcing their presence before executing a warrant would be dangerous to the police based on the presence of weapons and threats of violence against police. *Id.* at 47. Whatever arguably exigent factors may be known by police when a warrant is obtained, their significance at the moment the warrant is executed may vary considerably due to the then-existing circumstances. The reasonableness of a decision by police to enter without first knocking and announcing their presence must be evaluated in light of the totality of the circumstances at the time of such entry.

In conclusion, we hold that Article 1, Section 11 of the Indiana Constitution, which prohibits unreasonable search or seizure, does not require prior judicial authorization for the no-knock execution of a warrant when justified by exigent circumstances, even if such circumstances are known by police when the warrant is obtained. Rather, courts will assess the reasonableness of entry based on the totality of the circumstances at the time the warrant was served. Constitutional uncertainty may be minimized when police, knowing in advance of the need to execute a warrant without complying with the knock and announce requirement, present the known facts when seeking the warrant and obtain express judicial authorization for a no-knock entry. This is certainly the better practice.

This appeal does not argue that the factors actually relied on by the police were inadequate exigent circumstances to justify the no-knock entry, and thus such claim is not presented.

As to the defendant's contention that police should have presented known supporting facts and obtained an advance judicial authorization for the no-knock entry, we hold to the contrary, as explained above. As to all other issues, we summarily affirm the decision of the Court of Appeals. The trial court's denial of the defendant's motion to suppress is affirmed.

Shepard, C.J., and Sullivan, Rucker, and David, JJ., concur.